**OVERLAND SALES CO. v. PIERCE.**
(No. 2315.)

(Court of Civil Appeals of Texas. Texarkana.
Nov. 11, 1920. Rehearing Denied
Dec. 2, 1920.)

**1. Chattel mortgages ⬨240—Contract regarding sale of mortgaged automobile without being in possession of license receipt void.**

Where mortgagor turned automobile over to mortgagee in conformity with an agreement whereby mortgagee undertook within a reasonable time to sell the car for an amount sufficient to satisfy the note secured by the mortgage and leave the mortgagor $245, mortgagor could not recover on such agreement, where he failed to turn over to the mortgagee the license tax receipt referred to under Act March 24, 1919 (Gen. Laws, c. 138), since, either the contract was void, because an attempt to bind mortgagee to commit a crime, or was breached by the mortgagor by failing to deliver the receipt.

**2. Sales ⬨1(1)—Statute regarding resale of automobile held intended to prevent theft.**

The purpose of Act March 24, 1919 (Gen. Laws, c. 138), providing that one selling secondhand automobiles must have license tax receipt in his possession, was not to enforce payment of the license fee, but was to prevent theft.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Action by B. P. Pierce against the Overland Sales Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

March 27, 1919, appellant sold an automobile to appellee for a sum in cash and the latter's promissory note for $605, payable to the First Mortgage Loan Company October 1, 1919. As the owner of the note appellant sought by this suit to recover the amount thereof of appellee and to foreclose a mortgage on the car made to secure it. In his answer appellee alleged that he used the car about 7 months and then turned it over to appellant, in conformity with an agreement between them whereby appellant undertook within a reasonable time to sell the car for a sum which, it guaranteed, would be sufficient to satisfy the note and leave him $245. On the theory that appellant had not complied with its undertaking, appellee claimed that the note and mortgage should be treated as satisfied, and that he should have judgment against appellant for $245. Appellant denied having entered into such an agreement, but alleged, if it had, its undertaking was without consideration, and, moreover, that performance thereof by it would have been a violation of Act March 24, 1919 (General Laws, p. 253), because it never at any time had the licence tax receipt referred to in said act in its "actual physical possession." The jury found, in response to a special issue (and the only one) submitted to them, that appellant agreed to take the car back and guaranteed to sell it and cancel the note and pay appellee $245. Thereupon the court rendered judgment, canceling the note and mortgage, awarding appellee a recovery against appellant of $245, and awarding possession and title to the automobile to appellant.

C. K. Holloway, of Jacksonville, for appellant.

John B. Guinn, of Jacksonville, for appellee.

---

⬨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WILLSON, C. J. (after stating the facts as above). [1] On the theory that it appeared as a matter of law it was entitled to the relief it sought, appellant requested the trial court to instruct the jury to find in its favor for the amount of the note and a foreclosure of the mortgage made to secure it. In support of its contention that the refusal of the request was error, which entitles it to a reversal of the judgment, appellant insists, if it appeared that it undertook to sell the car as charged by appellee, it also appeared, and conclusively, first, that the undertaking was without a consideration; and, second, that performance thereof by it was conditioned on appellee's placing it in the actual physical possession of the tax collector's receipt for the license fee on the automobile, without which it could not lawfully even offer the car for sale, much less sell it; and further conclusively appeared that appellee never placed said receipt in appellant's possession.

It is unnecessary to determine whether the contention, so far as it was based on the alleged absence of a consideration for appellant's undertaking, should be overruled or not; for it is clear it should be sustained on the other ground urged. The automobile being a used or secondhand one, appellant could not, without violating the terms of the Act March 24, 1919, referred to in the statement above, have sold it, or even offered it for sale, without "having in its actual physical possession the tax collector's receipt for the license fee." Section 3a.

It appeared without contradiction in the testimony that appellant never at any time had such possession of the receipt; but, on the contrary, that appellee retained possession thereof and never at any time offered to deliver it to appellant. Hence, in any view which could have been taken of the contract between the parties, appellee was not entitled to the relief he sought and obtained. If the contract was that appellant should sell the car without at the time having the receipt in its possession, it was void, because an attempt to bind it to commit a crime. Section 3c of said Act March 24, 1919; 13 C. J. p. 410 et seq.; 6 R. C. L. p. 699; 2 Elliott on Contracts, § 654. If it was not that, then it must have been a contract which did not bind appellant to sell the car until appellee, by delivering the receipt to it, had made it possible for it to do so lawfully. Certainly, if that was its nature, appellee was not entitled to complain, for it conclusively appeared that he himself so breached the contract, when he failed to deliver the receipt to appellant, as to render a lawful performance thereof by the latter impossible. 13 C. J. p. 647; 6 R. C. L. p. 1012.

[2] The contention of appellee to the contrary of the view of the case just presented seems to be predicated on an erroneous conclusion as to the purpose of the Legislature in passing said Act March 24, 1919. The purpose of the act was not, as appellee concluded, "to enforce payment of the license fee," but it was, as declared in the caption, "to prevent theft of motor vehicles."

The judgment will be reversed, and judgment will be here rendered in appellant's favor for the amount of the note and foreclosing the mortgage on the automobile made to secure it.