**NORTH RIVER INS. CO. v. KELLY et al.\***
**(No. 761.)**

(Court of Civil Appeals of Texas. Beaumont. Jan. 18, 1922. Rehearing Denied Feb. 1, 1922.)

1. **Appeal and error** ⊜⟿690(3)—**Bills of exception, not showing affirmatively that predicate was not laid for evidence, do not support such objection.**

Bills of exception, complaining of the admission of impeaching testimony without a predicate being laid for its introduction, are insufficient to support such complaint, where they do not show affirmatively that no predicate was laid.

2. **Exceptions, bill of** ⊜⟿56(3)—**Trial judge's certificate to bill does not certify that facts assumed in objections were true.**

Where the bills of exception did not show affirmatively that no predicate was laid for impeaching testimony, the certificate of the trial judge that certain objections were made to the admission of the testimony could not be construed as a certificate that the facts assumed in the objections were true.

3. **Appeal and error** ⊜⟿931(6)—**Presumed that evidence improperly admitted did not influence trial judge.**

When a case is tried to the court without a jury, and there is sufficient and competent evidence to support his judgment, it must be pre-

sumed that evidence improperly admitted .did not affect his findings or influence his judgment, unless the contrary affirmatively appears, especially where the testimony was of slight probative force.

Appeal from District Court, Liberty County; D. F. Singleton, Judge.

Action by T. T. Kelly and others against the North River Insurance Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Bryan, Stone & Wade, of Fort Worth, and H. E. Marshall, of Houston, for appellant.

E. B. Pickett, Jr., and J. Llewellyn, both of Liberty, for appellees.

WALKER, J. This was a suit by appellees against appellant on a policy of fire insurance. The only defense offered was that the appellees, owners of the property, burned or had it burned for the purpose of collecting the insurance. On trial to the court without a jury, judgment was rendered for appellees. Appellants attack this judgment on the ground that the evidence is insufficient to support it. Many witnesses testified in the case, making a statement of facts of about 439 pages. We could not make a fair statement from this record, analyzing the testimony, without making this opinion too long; besides, we do not see that such a statement would serve any useful purpose. Our duty is fully discharged, in cases like this, when we examine the record, and from the statement made by counsel in their briefs determine whether or not the judgment has proper support. This we have done, and in our opinion the judgment of the trial court has sufficient support in the testimony offered.

[1, 2] Appellant complains of the admission of certain testimony claimed to be impeaching in its nature, on the ground that no predicate was laid for its introduction. The bills of exception are not sufficient to support this proposition. They show that the testimony was objected to on the ground that no predicate was laid, but do not show, affirmatively, that no predicate was laid. The certificate of the trial judge that certain objections were made to the admission of the testimony cannot be construed as a certificate that the facts assumed in the objections were true.

[3] When a case is tried to the court without a jury, and there is sufficient and competent evidence to support his judgment, it must be presumed that evidence improperly admitted did not affect his findings or influence his judgment, unless the contrary affirmatively appears from the record. No such showing is before us. It follows, then, that no error was committed in the admission of the testimony referred to, nor in the admission of the other testimony received by the trial court over appellant's objection.

Such testimony, even if subject to the objections urged, is of such slight probative force, we doubt if its admission would constitute reversible error even if tried before a jury. However, we do not set out this testimony, because, under the rule just referred to, no error was committed in its reception.

There is not a suggestion in the testimony to support appellant's proposition that the trial court had prejudged its defense. The case appears to have been fairly tried, and the judgment is fully sustained by the record.

Finding no error, this judgment is in all things affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes