## GOODE v. MARTINEZ. (No. 6677.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 25, 1922.)

1. **Sales** ⚖️48½, New, vol. 13A Key-No. Series—Sale of mortgaged automobile by owner not complying with secondhand automobile sales law held not to transfer title.

Where the mortgagor of an automobile sold it in violation of Cr. Code 1911, art. 1430, as to disposing of mortgaged property, and without complying with Laws 1919, c. 138, as to sale or transfer of secondhand motor vehicles, one who bought the car from the buyer acquired no title thereto, as the mortgagor's sale was a violation of law.

2. **Sales** ⚖️48½, New, vol. 13A Key-No. Series—Act relating to sale of secondhand motor vehicles strictly enforced.

Laws 1919, c. 138, § 4, as to sale of secondhand motor vehicles, is for the purpose of preventing theft of motor vehicles, and should be strictly enforced.

3. **Evidence** ⚖️353(8)—Admission of bill of sale of secondhand automobile not complying with statute held error.

In a suit for the conversion of an automobile, the admission in evidence of a bill of sale which had not been filed for record, dated subsequent to a mortgage, and which did not comply with Laws 1919, c. 138, § 4, requiring the bill of sale of secondhand motor vehicles to be in duplicate, one copy to be kept by the buyer, and the other to be filed with the tax collector, was error.

Appeal from Cameron County Court; O. C. Dancy, Judge.

Action by S. Martinez against Jack Goode. From judgment for defendant in a justice's court, plaintiff appealed to the county court, where he obtained judgment, from which defendant appeals. Reversed.

Graham, Jones, Williams & Ransome, of Brownsville, and Spears & Montgomery, of San Benito, for appellant.

FLY, C. J. Appellee sued to recover $190, alleged to be the value of a Ford automobile which was unlawfully converted to his own

use by appellant. In the justice's court he recovered nothing, but on appeal to the county court he obtained judgment for $75. The facts show that appellant, as agent of the First State Bank of Rio Hondo, took possession of the car under a recorded chattel mortgage executed by Juan Gutierrez to said bank. By the terms of the mortgage, under certain contingencies, which arose, the mortgagee could declare the debt matured, and authority was given the mortgagee in such event, or, in case the debt became due, to take possession of the automobile and sell it at private or public sale as the mortgagee might see proper. The car was sold by Juan Gutierrez to Viviano Garcia and by him sold to appellee. The latter received no bill of sale from Garcia and obtained no license from the state. When the automobile was taken by appellant it had on it the license number granted to Juan Gutierrez, of which there had never been any transfer to appellee or any one else. The car taken by appellant was positively identified as the car mortgaged to the bank. Over the objection of appellant an unrecorded bill of sale, dated January 15, 1920, from Juan Gutierrez to Viviano Garcia, was admitted in evidence. It had not been filed. The mortgage was dated April 9, 1918.

It is provided in the General Laws of 1919, pp. 254, 255, § 4, that it shall be unlawful for any person to sell or transfer any secondhand motor vehicle without delivering to the purchaser a bill of sale in duplicate, the form of which is prescribed in the act, one copy to be retained by the transferee, and the other filed with the tax collector. In section 3c of the same act it is made unlawful, and punishable as a crime, for any person to buy or trade for any secondhand motor vehicle without demanding and receiving the tax collector's receipt for the license fee issued for said motor vehicle for the year that said motor vehicle is bought or traded for. The punishment for the violation of that statute is a fine of not less than $10, nor more than $2,000, or by confinement in the county jail for any term less than one year or by both such fine and imprisonment.

[1] The sale to Viviano Garcia by Gutierrez was not only a violation of the law of 1919, but of article 1430, Crim. Code, as to disposing of mortgaged property. Viviano Garcia acquired no title to the automobile because he had no bill of sale sworn to as required by the law of 1919, and the same was never filed with the collector, nor was the license transferred to him. Appellee could acquire no more title than that held by Garcia, and he got neither bill of sale nor transfer of the license. They got the car in violation of law, even though it should be held that the description of the car in the mortgage was not sufficient to put them upon notice.

[2] The act of 1919 was passed, as stated in its caption, to prevent theft of motor vehicles, and, in order to obtain the results intended and so much needed, it should be strictly enforced. Overland Sales Co. v. Pierce, 225 S. W. 284.

Under Rev. St. arts. 7171 and 7172, requiring bills of sale to cattle running on the range, but not making it a crime to transfer or receive cattle without giving a bill of sale or acquiring one, it was held by the Supreme Court that possession of live stock without a bill of sale prima facie illegal, and if the live stock are running on the range a bill of sale and record thereof are absolute prerequisites to the acquisition of title. Black v. Vaughan, 70 Tex. 47, 7 S. W. 604; Prude v. Campbell, 85 Tex. 4, 19 S. W. 890; Rankin v. Bell, 85 Tex. 28, 19 S. W. 874; National Bank v. Brown, 85 Tex. 80, 23 S. W. 862. The automobile law is much more stringent than the live stock law.

[3] The bill of sale from Gutierrez to Garcia, not complying with the statute, should not have been permitted in evidence, and, all of the parties connected with the purchase of the car being criminals in the eyes of the law, title to the car did not pass.

The judgment is reversed, and judgment here rendered that appellee, S. Martinez, take nothing by his suit and pay all costs.