**BALAGUER v. MACEY et al. (No. 770.)***

(Court of Civil Appeals of Texas. Beaumont.
Feb. 20, 1922. Rehearing Denied
March 1, 1922.)

**1. Intoxicating liquors ⟨⟩13—State law, defining intoxicating liquor, must yield to federal legislation.**

The Dean Act, fixing the maximum percentage of alcohol in prohibited beverages at 1 per cent., is in conflict with the Volstead Act, which fixes the maximum percentage at one-half of 1 per cent., and must yield to it, under the Eighteenth Amendment to the federal Constitution.

**2. Intoxicating liquors ⟨⟩327(3)—Notes given for cider violating Volstead Act void.**

Notes given for the purchase price of cider violating the Volstead Act, because containing more than one-half of 1 per cent. alcohol, were void.

**3. Contracts ⟨⟩138(6)—Illegality of consideration for note need not be pleaded.**

If illegality of notes developed on a trial in an action by payee upon them, the trial court properly held that the consideration for the notes was illegal, and that they were void, though defendant did not plead such issue.

**4. Evidence ⟨⟩434(12)—In action on note evidence and pleading of false representations inducing a sale not an attempt to ingraft a warranty on written contract.**

In action on notes given for cider, which contained more than one-half of 1 per cent. alcohol, in violation of the Volstead Act, pleading and evidence that defendants bought the cider in good faith on representations made by plaintiff that it could be lawfully sold, and he so warranted it to them, knowing his representations to be false, did not involve an attempt to vary a written contract by a parol contemporaneous agreement; such evidence and allegations being introduced and made as a part of fraud practiced upon defendants.

**5. Intoxicating liquors ⟨⟩327(3)—No duty on purchasers of cider to contest ex parte proceeding to destroy because intoxicating.**

Purchasers of cider containing more than one-half of 1 per cent. alcohol was not required to appear in ex parte proceedings to destroy the cider in order to relieve themselves of liability on notes given for it, where seller had entered a plea of guilty in a prosecution for the sale of the cider.

**6. Evidence ⟨⟩207(4)—Admission in criminal proceeding admissible in action on note to show illegal character of cider sold.**

In an action on notes given for cider containing alcohol in excess of one-half of 1 per cent. in violation of the Volstead Act, a confession of the seller in open court in a prosecution for selling such cider that the cider contained a prohibited amount of alcohol was admissible on issue as to character of the cider.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Action by Jim Balaguer against Sam Macey and others. Judgment for defendants and plaintiff appeals. Affirmed.

Howth & O'Fiel, of Beaumont, for appellant.

C. A. Lord, of Beaumont, for appellees.

WALKER, J. This case was tried by the court without a jury, and judgment was rendered for defendants. From this judgment plaintiff appealed, and on his motion the trial court filed the following conclusions of fact and law:

"The court finds as a matter of fact that the notes herein sued on were executed by the defendants, Sam Macey and Jake Macey, for 50 kegs of apple and grape cider at an agreed price of $18 per keg, and that these beverages contained more than one-half of 1 per cent. of alcohol, and that, while the same were being delivered to the defendants, officers of the United States government seized the same and charged the plaintiff Jim Balaguer, and his partner, Jose Garraro, with unlawfully selling the same to Sam and Jake Macey, and information was duly filed by the officers of the government against both Jim Balaguer and Jose Garraro in the district court of the United States in the Beaumont division, and they were both arrested upon this charge, and thereafter when the cases of the government of the United States against them were called for trial, both the plaintiff, Jim Balaguer, and his partner, Jose Garraro, entered pleas of guilty to the charges so made against them, and judgments were entered against them accordingly, and they were both fined by the court, and they both paid their fines according to the judgments of the court; and the court further finds in this connection that the judge of the District Court of the United States for the Eastern District of Texas also entered judgment, directing the disposition or destruction of the said ciders so sold by the plaintiff, Jim Balaguer, to the defendants in this suit, and that thereafter the United States marshal for the Eastern District of Texas did destroy all of the said beverages in accordance with the court's order.

"The court further finds as a fact that on account of the excessive alcoholic content in the said beverages sold by the plaintiff to the defendants the same had no value and were absolutely worthless, and that by pleading guilty to the charge of unlawfully selling such beverages the plaintiff, Jim Balaguer, admitted the worthlessness of the said beverages, and thereby in effect consented to the disposition and destruction of the same by the officers of the United States government, and thereby made it impossible for the defendants in this suit to question the facts charged with reference to the alcoholic content of the beverages which the plaintiff in this suit had attempted to sell to them.

"The court further finds as a fact that no charges were made by the officers of the government of the United States against the defendants in this suit, Sam Macey and Jake Macey, and that they did not know that the beverages in question contained excessive

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 19, 1922.

amount of alcohol, and that they relied upon the representations of the plaintiff, Jim Balaguer, to the effect that said beverages were wholesome and did not contain alcohol in excessive quantities.

"The court further finds as a fact that there was no lawful or valid consideration for the execution of the notes herein sued upon, and that the consideration, or purported consideration, for the execution and delivery of said notes has wholly failed, and that the defendants are not liable for the payment for the same.

### "Conclusions of Law.

"It is the opinion of the court that it follows as a matter of law from the foregoing findings of fact that the notes sued on by the plaintiff were executed without consideration, or that the purported consideration for the execution and delivery of same has wholly failed, and that the plaintiff is not entitled to recover against the defendants on the notes sued upon, and that therefore the notes should be canceled and annulled. And judgment has been entered accordingly."

### Opinion.

The following conclusions by us dispose of the questions raised by this appeal:

1. All the trial court's findings of fact are fully sustained by the record, except it be the conclusion as to the time when the cider was seized. We do not review the correctness of that conclusion, because under the view we take of the case it becomes immaterial.

[1] 2. The conclusion that the cider contained "more than one-half of 1 per cent. of alcohol" made its sale illegal, notwithstanding under the law of this state known as the Dean Act (Acts 36th Leg. [1919] 1st and 2d Called Sess. c. 78) the maximum percentage of alcohol in prohibited beverages is fixed at 1 per cent.; this act being in conflict with the Volstead Act (41 Stat. 305), which fixes the maximum percentage at one-half of 1 per cent. Federal legislation having entered the field of prohibition by authority of the Eighteenth Amendment, all state legislation must yield to its provisions. This was decided by the Supreme Court of the United States in Rhode Island v. Palmer. 253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946. The effect of that decision is well stated by Mr. Justice Clarke, in his dissenting opinion. He said of the opinion of the majority:

"The eighth, ninth and eleventh paragraphs, taken together, in effect, declare the Volstead Act" of October 28, 1919 (41 Stat. at L. 305, c. 83) "to be the supreme law of the land, paramount to any state law with which it may conflict in any respect."

[2] The sale of the cider in direct violation of the provision of the Volstead Act was illegal, and the notes given therefor, which formed the basis of this suit, are void. Bonnie v. Blankenship (Tex. Civ. App.) 208 S. W. 934.

[3] 3. As we construe appellees' answer, this issue was duly pleaded. But if we are in error in our construction of the pleadings, the same result must follow. If the illegality was not pleaded, as it developed on the trial, the trial court properly held that the consideration for the notes was illegal, and that such illegality made them void. Bishop v. Japhet (Tex. Civ. App.) 171 S. W. 499; Railway Co. v. Lawson, 89 Tex. 394, 32 S. W. 871, 34 S. W. 919.

4. The judgment of the trial court must also be sustained on the conclusions on the issue of fraud.

[4] 5. The evidence on which the conclusions on the issue of fraud are based was not subject to the objection that it varied a written contract by a parol contemporaneous agreement. The sale involving the cider was evidenced by a written contract, which contained no warranty in relation to the alcoholic content of the cider. As we construe appellees' answer, they did not seek to ingraft a warranty on the contract. They pleaded that they bought the cider in good faith on representations made by appellant that it could be lawfully sold, and that he so warranted it to them, knowing his representations to be false. But these allegations were made as a part of the fraud practiced against appellees, and they did not seek to cancel the notes on the ground that such warranty had been breached, but only that such representations had been fraudulently made.

[5, 6] 6. No duty rested on appellees to appear in the federal court and enter a contest to the ex parte proceedings instituted by the federal authorities to have the cider destroyed. In a criminal proceeding, appellant had entered a plea of guilty, confessing that the sale of the cider was in violation of the law, accepted his punishment, and paid his fine. As appellant had confessed in open court that the cider contained more than one-half of 1 per cent. of alcohol, this confession was admissible against him on the issue as to the character of the cider.

We believe the judgment of the trial court is fully sustained by this record, and it is therefore in all things affirmed.