## FOSTER v. BEALL.　(No. 2603.)

(Court of Civil Appeals of Texas. Texarkana.
June 27, 1922. Rehearing Denied
July 1, 1922.)

**1. Sales ☞48½, New. vol. 13A Key-No. Series—One selling secondhand automobile without executing bill of sale and transferring tax receipt cannot recover on purchase-money note.**

One who sells a secondhand automobile without executing a bill of sale and transferring the license fee receipt, as required by Vernon's Ann. Pen. Code Supp. 1922, arts, 1617¾c–1617¾f, cannot recover on a purchase-money note, though he innocently neglected to comply with the statute, and subsequently tendered full compliance, but such tender may be an answer to a defense of failure of consideration.

**2. Contracts ☞138(1) — Court will not enforce illegal contract.**

The courts will not enforce illegal contracts, but will leave the parties where they are.

**3. Contracts ☞138(3)—Purchaser of secondhand automobile from seller failing to execute bill of sale and transfer tax receipt cannot recover money paid.**

A purchaser of a secondhand automobile cannot tender it back and recover the amount paid because of the seller's failure to execute a bill of sale and transfer the license fee receipt, as required by Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾c–1617¾f, art. 1458d, e, f, g.

Appeal from Hopkins County Court; Homer L. Pharr, Judge.

Action by E. P. Beall against D. Foster. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellant.

Grover Sellers and H. C. Connor, both of Sulphur Springs, for appellee.

HODGES, J. In August, 1920, the appellee sold and delivered to the appellant a secondhand automobile, the consideration being $650 cash and a note for $450, due November 15th following. Upon the refusal of the appellant to pay the note at maturity this suit was filed, and judgment sought for the amount of the debt, together with the interest and attorney's fees. The appellant pleaded, among other defenses, that at the time the sale was made the appellee did not have in his possession the tax receipt for the current year; that he did not transfer any such tax receipt, nor did he execute a bill of sale, as required by the provisions of the Penal Code. He also pleaded a failure of consideration and a breach of warranty. He tendered back the automobile and asked for a recovery of the money paid and for the cancellation of the note sued on.

The case was submitted upon special issues; and the following are, in substance, the findings made by the jury: (1) At the time Beall sold and delivered the automobile to the appellant on August 26, 1920, he did have in his actual physical possession the tax collector's license receipt; (2) that Beall did not transfer the tax receipt nor execute bill of sale in duplicate as required by statute; (3) that the reason why the tax receipt and the bill of sale were not delivered was because the appellant would not wait for them; (4) that the appellee, Beall, acted in good faith in failing to deliver the tax receipt and bill of sale at the time the automobile was sold and delivered. There were other findings as to the provisions of the contract and the condition of the car, not essential to the disposition of this appeal.

It is undisputed that the automobile in controversy was a secondhand vehicle at the time it was sold and delivered to the appellant, the appellee having purchased it some time previous from Dr. Stirling. It is also undisputed that appellee did not at the time of the sale execute any bill of sale as required by the statute, nor did he transfer and deliver the tax collector's receipt. However, he did tender the tax receipt and a bill of sale from Dr. Stirling after this suit was filed, and the defense here relied on had been set up by the appellant in his answer.

The provisions of the Penal Code (Complete Tex. St. 1920) bearing upon the sale of secondhand automobiles are as follows:

"Art. 1358d. It shall be unlawful for any person acting for himself or any one else, to offer for sale or trade any second-hand motor vehicle in this state, without then and there, having in his actual physical possession the tax collector's receipt for the license fee issued for the year that said motor vehicle is offered for sale or trade.

"Art. 1358e. It shall be unlawful to sell or trade any second-hand motor vehicle in this state without transferring by indorsement of the name of the person to whom said license fee receipt was issued by the tax collector and by physical delivery of the tax collector's receipt for license fee for the year that the said sale or trade is made.

"Art. 1358f. It shall be unlawful for any person acting for himself or another to buy or trade for, any second-handed motor vehicle in this state without demanding and receiving the tax collector's receipt for the license fee issued for said motor vehicle for the year that said motor vehicle is bought or traded for.

"Any person violating the provisions of sections 3a, 3b [arts. 1358d, 1358e], or 3c shall be guilty of a misdemeanor and upon conviction shall be fined in any sum, not less than ten dollars ($10) or more than two thousand dollars ($2,000.00), or by confinement in the county jail for any term less than one year, or both such fine and imprisonment, and all moneys col-

lected for such fines shall be placed in the road and bridge fund of the county in which the violation occurs and the penalty is recovered.

"Art. 1358q. It shall be unlawful for any person, whether acting for himself or as an employé or agent to sell, trade, or otherwise transfer any second-hand motor vehicle without delivering to the purchaser a bill of sale in duplicate, the form of which is prescribed in this act, one copy of which shall be retained by the transferee as evidence of title to ownership, and the other copy of which shall be filed by the transferee with the county tax collector as an application for transfer of license together with the lawful transfer fee of $1.00."

[1] While the appellee concedes that these provisions of the statute were not complied with at the time the sale was made, it is insisted that the transaction was not illegal because of the good intentions of the seller, and because he subsequently tendered a full compliance with the statute. The subsequent tender of the necessary papers may be an answer to the defense of failure of consideration, upon ground that no title had passed, but it did not relieve the transaction of its illegality.

The statute quoted above was enacted, not simply for the purpose of regulating the transfer of the title to personal property, but as a method of suppressing automobile thefts. Compliance with that law is not a formality which the parties may waive. The general public has an interest in its observance. When the appellee sold and delivered the car to the appellant without executing and delivering the necessary papers, he committed a penal offense, punishable by a fine. He knowingly did that which the law said he should not do. His alleged good intentions did not excuse him. He is charged with a knowledge of those legal requirements, and he knew that he had not performed them. He made no attempt to perform them till after this suit was filed, and after the sale had been repudiated by the purchaser. The law is mandatory, and cannot be evaded by innocent neglect. Overland Sales Co. v. Pierce (Tex. Civ. App.) 225 S. W. 284; Goode v. Martinez (Tex. Civ. App.) 237 S. W. 576. It is the fact of failure to comply with the statutory requirements, and not the evil intent, that constitutes the offense.

[2, 3] The courts will not enforce illegal contracts, but will leave the parties just where they have placed themselves. Wiggins v. Bisso, 92 Tex. 219, 47 S. W. 637, 71 Am. St. Rep. 837; Seeligson v. Lewis, 65 Tex. 215, 57 Am. Rep. 593. The judgment will therefore be reversed, and judgment here rendered that the appellee take nothing by his suit on the note. For the same reason the appellant is not entitled to the relief sought in his cross-action. The judgment, however, will be without prejudice to the right of the appellee to seek and secure equitable relief, upon proper pleadings, in another proceeding.