# FULWILER MOTOR CO. v. WALKER.
## (No. 1634.)

(Court of Civil Appeals of Texas. El Paso. April 10, 1924.)

**1. Sales ⊕48½, New, vol. 13A Key-No. Series—No damages for breach of warranty of secondhand automobile sold in violation of statute.**

Buyer could not recover damages for breach of warranty in sale of secondhand automobile, where no bill of sale was delivered to buyer, as required by Complete Tex. St. 1920 (Pen. Code) art. 1358g.

**2. Contracts ⊕138(6)—Illegality of contract need not be pleaded.**

Illegality of a contract sued on need not be pleaded.

Appeal from Taylor County Court; J. W. Moffett, Special Judge.

Suit by W. L. Walker against the Fulwiler Motor Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

Ben L. Cox, of Abilene, for appellee.

HARPER, C. J. Appellee brought this suit against appellant, and for cause of action in substance alleged: That he purchased of appellant a secondhand automobile, paid $50 cash, and executed his note for $245, on which he had paid $25; that appellant guaranteed the car, and agreed to keep it in repair for three months; that the car was in bad condition, and that he lost three weeks' time trying to operate it, for which he asks $25 per week, and asks for $20 spent by him for repairs. He pleads:

"That defendant never at any time delivered this plaintiff a bill of sale, and the title to said car, therefore, had never passed to this plaintiff, but that said sale was only a conditional sale."

He prays for cancellation of his note and for damages in above sums.

Appellant pleaded general demurrer, special exception, and general denial, and further admitted that no bill of sale nor duplicate was given by defendant at the time the car was sold, nor was the tax collector's license receipt delivered by the defendant to the plaintiff, etc.

Submitted to a jury upon special issues, and upon the verdict judgment was rendered, for plaintiff for $88.35, from which defendant appealed.

[1, 2] There are several assignments and propositions, but on the view we take of the appeal the first proposition is conclusive of the right of plaintiff, appellee, to recover. The pleadings of plaintiff being that no bill of sale was given him at the time said secondhand car was sold and delivered to him, the court should have sustained defendant's special exceptions.

Complete Tex. St. 1920 (Pen. Code) art. 1358g:

"It shall be unlawful for any person, whether acting for himself or as an employé or agent to sell, trade or otherwise transfer any second hand motor vehicle without delivering to the purchaser a bill of sale in duplicate the form of which is prescribed in this act, one copy of which shall be retained by the transferer as evidence of title to ownership, and the other copy of which shall be filed by the transferee with the county tax collector as an application for transfer of license together with the lawful transfer fee of $1.00."

In this connection appellee contends:

"The statute pertaining to the buyer is article 1358f, which provides that it shall be unlawful for any person acting for himself or another to buy or trade for any secondhand motor vehicle in this state without demanding and receiving the tax collector's receipt for the license fee issued for said motor vehicle for the year that said motor vehicle is bought or traded for. Now, there is no pleading nor evidence anywhere in the record showing that appellee as such buyer failed to demand or receive such tax collector's receipt. We ask the court to

carefully peruse the record. The burden will be on appellant to show such violation on the part of the appellee, and the records having failed to show the same, appellant could not avail himself of his own violation of the law as a defense without showing that appellee also violated the law."

The answer to this is that the above article provides the only procedure for obtaining the transfer of the license, and that is "by obtaining from the seller a copy of the bill of sale and filing it with the tax collector." So his pleading and testimony that no bill of sale passed is an admission that he has violated the statutes regulating sales of secondhand motorcycles. Therefore his contract is illegal and void, and for that reason unenforceable by either party, and the courts will leave the parties just where they have placed themselves. Foster v. Beall (Tex. Civ. App.) 242 S. W. 1117; Chaddick v. Sanders et al. (Tex. Civ. App.) 250 S. W. 722. Not necessary to plead illegality. Balaguer v. Macey et al. (Tex. Civ. App.) 238 S. W. 322.

The judgment will therefore be reversed, and here rendered for appellant.