## CULLUM et al. v. LUB–TEX MOTOR CO. (No. 2395.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 10, 1924.)

**1. Sales �köö48½, New, vol. 13A Key-No. Series—Sale of secondhand automobile not conforming to statute relating thereto, void.**

Sale of secondhand automobile is void, where it fails to conform to provisions of Complete Tex. St. 1920, Pen. Code, arts. 1358a–1358g (Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾–1617¾f), relating to such sales.

**2. Chattel mortgages ⊂ köö17—Attempted mortgage by one having no legal interest in property, void.**

Attempted mortgage by purchaser of secondhand car, where sale was void for failure to conform to Complete Tex. St. 1920, Pen. Code, arts. 1358a–1358g (Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾–1617¾f), is void; mortgagor having no legal interest therein.

**3. Parties ⊂ köö29—Where sale and resale of automobile is void, original seller necessary party to suit involving title or possession.**

Where secondhand automobile was sold by J. and resold by him to another, both sales being void for failure to conform to statute, J. is still owner in contemplation of law, and is therefore necessary party to suit involving title or possession thereof.

**4. Appeal and error ⊂ köö187(3)—Appellate court will notice want of necessary parties plaintiff.**

Want of necessary parties plaintiff is fundamental and will be noticed by appellate court.

Randolph, J., dissenting.

Appeal from Lubbock County Court; P. F. Brown, Judge.

Action by the Lub-Tex Motor Company against W. D. Cullum and others. From a judgment on a verdict directed for plaintiff, defendants appeal. Reversed and dismissed.

Starnes & Howard, of Lubbock, for appellants.

---

⊂ kööFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Wilson & Douglas, of Lubbock, for appellee.

HALL, C. J. In the month of December, 1923, J. D. Johnson, the owner of a secondhand automobile, traded it to the Lub-Tex Motor Company. On the 17th day of January, 1924, the Lub-Tex Motor Company sold the automobile to C. M. Norwood. Norwood executed his note for $250 as part payment for the automobile, and at the same time executed and delivered to the Lub-Tex Motor Company a chattel mortgage on the automobile for the purpose of securing his said note. This suit was instituted by the Lub-Tex Motor Company against Norwood to recover upon the note, and to foreclose the chattel mortgage upon the automobile. Cullum Bros. are made defendants, and the plaintiff alleges that they "have caused said automobile to be seized by process of law, and are now claiming a lien thereon, which is inferior to the plaintiff's lien." The defendant Norwood decamped soon after the execution of the note and mortgage, and the trial judge appointed an attorney ad litem to represent him. All of the defendants answered, alleging facts which, if true, would, under recent decisions, render the sale by Johnson to the Lub-Tex Motor Company, and by the motor company to Norwood, illegal and void. Cullum Bros. "admit that they have a lien on said automobile, as set forth in the plaintiff's original petition, which lien is inferior to plaintiff's lien, if it be found that plaintiff's alleged lien is valid and enforceable at law, which defendants do not admit, but expressly deny." Plaintiff filed a first supplemental petition, alleging that a bill of sale passed to Norwood when it sold the automobile to him, and that it received a bill of sale from Johnson at the time it purchased the automobile from him, and that when both sales were made the license receipt was properly transferred, and that bill of sale was made as required by law.

The only references we find in the record to the supposed lien of Cullum Bros. upon the automobile are quoted above from the plaintiff's petition, which, as will be observed, does not describe the particular "process of law" in virtue of which Cullum Bros. seized the automobile; and the further admission by Cullum Bros., quoted above, which throws no further light either upon the character of "process of law" or the nature of the lien asserted by Cullum Bros. Cullum Bros. did not specifically set up any claim or lien to the automobile or pray for a foreclosure. No evidence was offered, either written or verbal, showing that Cullum Bros. had a lien of any kind, except one witness, a member of the Lub-Tex Motor Company, testified that "Cullum Bros. attached it with this garnishment." This witness is, of course, mistaken, as shown by his statement and the nature of the case, and we are left without information which would indicate that Cullum Bros. had any interest in or right to the automobile in question. Norwood's attorney ad litem for answer adopted the pleas of Cullum Bros., setting upon the illegality of the contract under the statute governing the transfer of secondhand automobiles. The court directed the jury to find for the Lub-Tex Motor Company against all of defendants. The only briefs in the cases are filed by Cullum Bros. The evidence fails to show that the provisions of the Penal Code, arts. 1358a–1358g, Complete Texas Statutes 1920 (Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾–1617¾f), were complied with, either when Johnson sold the automobile to the Lub-Tex Motor Company, or when the said motor company sold it to Norwood. Johnson is not a party to the suit. The record in this case, considered in the light of the decisions hereinafter cited, presents a novel and anomalous condition.

In Ferris v. Langston (Tex. Civ. App.) 253 S. W. 309, Judge Hamilton declares that provisions of the Penal Code relating to the sale of secondhand automobiles are mandatory, and that "the effect of the law is not merely to punish as an offense transgression of its requirements but also to render invalid any sale at variance with them. Articles 1358d to 1358g, incl., Penal Code of Texas; Overland Sales Co. v. Pierce (Tex. Civ. App.) 225 S. W. 284; Goode v. Martinez (Tex. Civ. App.) 237 S. W. 577; Foster v. Beall (Tex. Civ. App.) 242 S. W. 1117." He further says:

"The transaction from which the mortgage * * * in this case issued, according to the construction given the statute in the three cases by our appellate courts above cited, was altogether invalid for any purpose."

Judge Fly held in the Goode Case, supra (Tex. Civ. App.) 237 S. W. 577, that these statutes should be strictly enforced. In the Foster Case, supra (Tex. Civ. App.) 242 S. W. 1117, it appears that the seller was attempting to recover of the purchaser the amount due upon the purchase-money note given for a secondhand automobile, in the sale of which the statutes had not been complied with; however, the seller did tender the tax receipt and bills of sale after the defense of illegality of the contract was set up. It was said that the courts will not enforce illegal contracts, but will leave the parties where they are; but it was further said that the "subsequent tender of the necessary papers" may be an answer to the defense of failure of consideration upon the ground that no title had passed, but it would not relieve the transaction of its illegality. The court disposed of the case in this language:

"The judgment will therefore be reversed, and judgment here rendered that the appellee take nothing by his suit on the note. For the same

reason the appellant is not entitled to the relief sought in his cross-action. The judgment however, will be without prejudice to the right of the appellee to seek and secure .equitable relief, upon proper pleadings, in another proceeding."

[1-4] It is held that in cases of this character, it is not required that either of the defendants should plead the illegality of the contract. Fulwiler Motor Co. v. Walker (Tex. Civ. App.) 261 S. W. 147; Chaddick v. Sanders (Tex. Civ. App.) 250 S. W. 722. According to the record before us, the sale from Johnson to the Lub-Tex Company, and from that company to Norwood, being absolutely void for all purposes, Johnson is still the owner of the machine. Since the transfer to Norwood is absolutely void and conveyed no title, it follows that the mortgage which he gave the Lub-Tex Company to secure his note is also void. The general rule is that when the mortgagor does not own the property, or such an interest therein as the law will recognize, an attempted mortgage given by him is void and creates no lien in favor of the mortgagee. Martin v. Armstrong (Tex. Civ. App.) 62 S. W. 83; Cattlemen's Trust Co. v. Turner (Tex. Civ. App.) 182 S. W. 438; Williams v. King (Tex. Civ. App.) 206 S. W. 106; Brod v. Guess (Tex. Civ. App.) 211 S. W. 299. Since in contemplation of law Johnson is still the owner of the machine, he is a necessary party to any suit which involves the title or possession of the property. Want of necessary parties plaintiff is fundamental and will be noticed by the appellate court. Without Johnson, the court has no jurisdiction of the controversy. Hanner v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906; McKay v. Peterson (Tex. Civ. App.) 220 S. W. 178; Chicago, Rock Island & Gulf Ry. Co. v. Oliver (Tex. Civ. App.) 159 S. W. 853; Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 522; Lawn Production Co. v. Bailey (Tex. Civ. App.) 244 S. W. 283.

It is said that if the plaintiff can show a complete cause of action without being obliged to prove his illegal act, although such illegal act may incidentally appear and may be important, if as explanatory of other facts in the case, he may nevertheless recover. Hall v. Edwards (Tex. Com. App.) 222 S. W. 167; Stone v. Robinson et al. (Tex. Com. App.) 234 S. W. 1094. If this rule were applied, the Lub-Tex Company would be entitled to recover the amount of the note, and have a foreclosure of the mortgage by introducing said instruments in evidence and proving nonpayment, without even referring to the illegal contract out of which they arose. It is possible that the trial judge directed a verdict in favor of the Lub-Tex Company upon this theory. The same thing could have been done, however, by the Dallas County National Bank in the Ferris Case, supra. The rule was ignored in that case and the bank denied a recovery. If we are in conflict with the Hall and Stone Cases, we are in tuneful accord with the Ferris Case.

For the reasons stated, the judgment is reversed, and the cause is dismissed.

RANDOLPH, J. (dissenting). The writer desires to go on record as fully indorsing the holdings in the cases of Hall v. Edwards (Tex. Com. App.) 222 S. W. 167; Stone v. Robinson (Tex. Com. App.) 234 S. W. 1094, notwithstanding the "tuneful" opinion of the majority.

The proposition that in order "to determine if a demand connected with an illegal act can be enforced, the test is whether the plaintiff requires any aid from the illegal transaction to establish his case," is sound, and the writer is of the opinion that when this rule is properly applied to the facts in this case, the same result follows as follows from the conclusions of the CHIEF JUSTICE in the majority opinion.

The Lub-Tex Motor Company sold the automobile to Norwood, and took in part payment therefor Norwood's note of $250, the payment of which was secured by a chattel mortgage upon the purchased automobile. The sale being illegal, as said in the opinion of the majority, the Lub-Tex Company is not permitted to come into court in a suit upon the note and mortgage, because both of these instruments are the very evidence of the illegal transaction—not only "connected with" it, but if that company recovers, it must do so by the aid of the instruments which evidence the illegal transaction. For that reason the writer concurs in the disposition of the case as made by the majority.