## HENNESSY v. AUTOMOBILE OWNERS' INS. ASS'N. (No. 1239.)

(Court of Civil Appeals of Texas. Beaumont. May 28, 1925. Rehearing Denied June 10, 1925.)

Insurance ⟨⟩115(6)—Sales ⟨⟩48½, New, vol. 13A Key-No. Series—Purchaser of secondhand automobile, who failed to comply with statute, and his vendee, held not to have title or insurable interest.

In view of Complete Texas Statutes 1920, Penal Code, arts. 1358e, 1358f, 1358g (Vernon's Ann. Pen. Code • Supp. 1922, arts. 1617¾d–1617¾f), sale of secondhand automobile, made without giving and filing bill of sale and transferring license fee receipt, is void, and, where purchaser of secondhand automobile who resold it and reserved mortgage did not comply with statute, neither he nor his vendee had an insurable interest in car, though bill of sale was executed and recorded after fire occurred.

Appeal from District Court, Harris County; Ben F. Dent, Judge.

Action by W. F. Hennessy against the Automobile Owners' Insurance Association. Judgment for defendant, and plaintiff appeals. Affirmed.

Charles Murphy, of Houston, for appellant.

Fouts & Patterson, of Houston, for appellee.

O'QUINN, J. Appellant sued appellee to recover in the sum of $600 on an insurance policy, alleging that he had sold a certain automobile to one Chisholm, retaining a mortgage on the automobile to secure the payment of the notes that Chisholm had given him in payment for the car; that after said sale appellee had issued its insurance policy against fire and theft upon the car, payable to appellant as mortgagee, as his interest might appear; that said car was stolen and destroyed by fire after the issuance of said policy, and while same was in full force and effect; and that appellee refused to make payment under the policy, and prayed for judgment for the amount of the policy, 12 per cent. on the amount claimed to be due as a penalty, attorney's fees, and costs of suit.

Appellee answered by general demurrer, special exceptions to that portion of appellant's petition suing for a penalty and attorney's fees, general denial, and specially answered (1) that the application for insurance stated that the car was a 1921 model, when, in fact, it was a 1919 model, and that said representation was a warranty material to the risk and to the rate of premium to be charged; and (2) that, at the time the policy was issued and when the loss occurred, Chisholm did not own the car, not having a legal title to same, and that appellant did not have an insurable interest in the car such as would entitle him to have an insurance policy issued upon the same.

At the conclusion of the evidence, the court instructed a verdict for appellee, which was returned, and judgment accordingly entered, from which judgment this appeal is taken.

The judgment will have to be affirmed. The undisputed evidence shows that when appellant, Hennessy, purchased the car it was secondhand, and no bill of sale was given and filed with the tax collector, as required by law. Article 1358g, Vernon's Penal Code (Vernon's Ann. Pen. Code Supp. 1922, art. 1617¾f). Nor does it appear that the license fee receipt was properly indorsed to Hennessy. Articles 1358e, 1358f, Penal Code (Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾d, 1617¾e). When Hennessy sold the car to Chisholm, no proper bill of sale was made by Hennessy and filed as required by law, nor was there a proper transfer of the license fee receipt. The so-called bill of sale mentioned in the record was not given or recorded until after the loss by fire occurred. This was insufficient to comply with the statute and to legalize the sale. The sale of a secondhand automobile is void where the sale is made without executing a bill of sale and transferring the license fee receipt, as required by articles 1358e, 1358f, 1358g, Complete Texas Statutes of 1920, Penal Code. Foster v. Beall (Tex. Civ. App.) 242 S. W. 1117; Cullum v. Lub-Tex Motor Co. (Tex. Civ. App.) 267 S. W. 322; Chaddwick v. Sanders (Tex. Civ App.) 250 S. W. 722; Goode v. Martinez (Tex. Civ. App.) 237 S. W. 576; Ferris v. Langston (Tex. Civ. App.) 253 S. W. 309. The sale being void, no title or interest whatever passes to the purchaser. Therefore, as neither appellant nor Chisholm got a bill of sale to the car when they purchased it, they got no title to or interest whatever in same, and, not having any title to or interest in said car, they, nor either of them, had any insurable interest therein, and hence the contract of insurance was void and no recovery thereon can be had. Howell v. Conn. Fire Ins. Co. (Mo. App.) 257 S. W. 178; Hessen v. Automobile Ins. Co., 195 Iowa, 141, 190 N. W. 151, 30 A. L. R. 657; Cooley's Brief on Insurance, vol. 1, pp. 135, 137, 142.

The other matters presented need not be discussed.

The judgment is affirmed.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes