## TRI-STATE MOTOR CO. v. KING.
### (No. 1810.)

(Court of Civil Appeals of Texas. El Paso. Oct. 29, 1925. Rehearing Denied Nov. 19, 1925.)

**1. Sales &#9758;52(5)—Buyer not entitled to damages for misrepresentations in sale of secondhand automobile sold in violation of statutes.**

In action by buyer for damages for alleged misrepresentations by seller in sale of secondhand automobile, evidence *held* to show that a bill of sale in duplicate was not delivered as required by Acts 36th Leg. (1919) c. 138, § 4 (Vernon's Ann. Pen. Code Supp. 1922, art. 1617¾f), now Pen. Code 1925, art. 1435, and hence transaction was void and unenforceable, barring plaintiff from recovering damages.

**2. Contracts &#9758;138(6)—Illegality of contract need not be pleaded.**

Illegality of a contract sued on need not be pleaded.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by R. H. King against the Tri-State Motor Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered for defendant.

Armstrong & Morrow, of El Paso, for appellant.

Jno. T. Hill, of El Paso, for appellee.

WALTHALL, J. Appellee, R. H. King, on September 23, 1924, purchased a secondhand sedan automobile from appellant, Tri-State Motor Company, giving in exchange therefor as the down or cash payment a secondhand

touring automobile of the value of $175, and in addition executed and delivered to appellant his three promissory notes, two in sums of $100 each, and one for $51, for the balance of the purchase price, and to secure said notes executed to appellant a chattel mortgage on the purchased sedan. Appellee made default in the payment of his notes, and before the filing of the suit, appellant, then having possession of the sedan, foreclosed its mortgage lien thereon.

Appellee brought this suit for damages, alleging that in selling said sedan appellant made certain representations to him as to its condition, his reliance thereon; that said representations were not as represented. His suit is for the cancellation of his said notes and for damages alleged to be the value of the touring car he traded to appellant, alleging its value to be $200.

By special issues submitted the jury found that, in selling the sedan to appellee, appellant made the representations as to the condition of the car, as alleged, and that the value of the touring car traded in was of the value of $200. Whereupon the trial court rendered judgment for appellee for said sum.

#### Opinion.

[1, 2] In the view we take of the case we need to pass upon only the first proposition. It is as follows:

"It appearing by the undisputed testimony that when plaintiff purchased the secondhand used sedan from defendant, the defendant did not deliver to him nor did he receive bills of sale in duplicate for said car, the transaction was illegal, and plaintiff cannot recover damages growing out of said transaction. The courts will not give relief to either party."

The statute invoked by the proposition is section 4 of chapter 138, 36th Leg. (1919) p. 254 (Vernon's Ann. Pen. Code Supp. 1922, art. 1617¾f) and otherwise made penal under the present Penal Code, art. 1435. The section reads:

"It shall be unlawful for any person, whether acting for himself or as an employé or agent to sell, trade or otherwise transfer any secondhand motor vehicle without delivering to the purchaser a bill of sale in duplicate, the form of which is prescribed in this act, one copy of which shall be retained by the transferee as evidence of title to ownership, and the other copy of which shall be filed by the transferee with the county tax collector as an application for transfer of license together with the lawful transfer fee of $1.00."

The remaining portion of the section sets out the form of transfer prescribed by the fourth section of the act, the affidavit of the transferer, and the jurat of the notary public.

The only direct evidence we find in the record referring to a bill of sale given or received in the transaction involved here is as follows: The appellee testified:

"At the time I bought the car I think maybe I got—well; if I got any I don't remember it. I think, though, that I got a bill of sale, I guess it is at home; I don't know where it is at present. I just got one bill of sale if I got any. I don't think I got a transfer of the license on the car. However, I would not be positive about that. I am sure that if I got any bill of sale at all, I just got one."

Appellee in his brief admits that, "if the proof shows no bill of sale was issued as provided by statute appellant's contention is correct," and the court should not enforce the contract, but insists that the evidence offered by appellant conclusively shows that a bill of sale was issued in duplicate by appellant for the secondhand sedan car sold by appellant and purchased by appellee, and refers us to two items in two memorandums offered in evidence by appellant and made exhibits. The exhibits, so far as we have observed, are unexplained; one exhibit recites, "sold to R. H. King," reciting the date, the consideration, and one item reading, "License, $1." The other exhibit purporting to be a customer's order, and the only item noted and referred to as even remotely having reference to the fact at issue, the bill of sale in duplicate, is the following: "Transfer, $1," elsewhere shown to have been added to the $50 note, making the note $51, and the total consideration for the sedan $426.

Appellee also refers to the mortgage executed by King to the Tri-State Motor Company, and that it was duly filed. The mortgage was attached to appellant's pleading and made a part of it, and, while reference is made to the mortgage in the evidence. it does not otherwise show to have been offered in evidence. However, we have considered it, but find it in the usual form of such instruments, and was given to secure the payment of the three notes given in part payment for the sedan. There is no reference in the mortgage to any bill of sale. The record is silent as to the execution and delivery of any bill of sale other than the above. It seems clear from the above testimony of appellee that a bill of sale in duplicate of the purchased sedan was not delivered to appellee.

The case of Fulwiler Motor Co. v. Walker, 261 S. W. 147, seems to be in point. It was there held by this court that where it is shown that the statute was not complied with in the sale or trade of a secondhand motor vehicle, the transaction is illegal and void, and unenforceable by either party, and the courts will leave the parties just where they have placed themselves. See, also, Wiggins v. Bisso, 92 Tex. 219, 47 S. W. 637, 71 Am. St. Rep. 837; Seeligson v. Lewis, 65 Tex. 215, 57 Am. Rep. 593; Foster v. Beall (Tex. Civ. App.) 242 S. W. 1117; Overland Sales Co. v. Pierce (Tex. Civ. App.) 225 S. W. 284; Mullin v. Nash-El Paso Motor Co. (Tex. Civ. App.) 250 S. W. 472.

In Chaddick v. Sanders et al. (Tex. Civ. App.) 250 S. W. 722, where, on purchase of an automobile, an old automobile was given on the price, together with a note for the difference, and the cars were delivered without obtaining a bill of sale in duplicate, in discussing among other sections of the act, section 4 of the act above quoted, the court said:

"The illegality of a contract made in defiance of law is fundamentally wrong, and will be noticed in the absence of any pleading."

In the last-cited case a writ of error was granted and the judgment of the Court of Civil Appeals modified (267 S. W. 248), by the Commission of Appeals because the evidence showed and the jury found that the purchaser of the secondhand car purchased the same upon the representation and under the belief that it was a new car. Under such circumstances it was held that such purchaser was not guilty of a violation of the penal provisions of the law under consideration. But the above quotation from the opinion of the Court of Civil Appeals was not affected by the Commission of Appeals. It is not necessary to plead illegality. Balaguer v. Macey et al. (Tex. Civ. App.) 238 S. W. 322; Railway Co. v. Lawson, 89 Tex. 394, 32 S. W. 871, 34 S. W. 919. Where it appears from the evidence, as here, that the law was not complied with in delivering to the purchaser a bill of sale in duplicate, the statute being mandatory and penal, the transaction will not be enforced by the courts.

For reasons stated, the case is reversed and here rendered for appellant.

Reversed and rendered.