## GOSSETT v. WILLIAMS. (No. 93.)

(Court of Civil Appeals of Texas. Eastland. Jan. 30, 1926. Rehearing Denied April 23, 1926. Second Petition for Rehearing Denied May 28, 1926.)

Estoppel ⚖️75—One executing bill of sale and delivering possession of car held estopped to assert against subsequent bona fide buyer that title did not pass because he did not sign tax receipt.

Plaintiff executing bill of sale of secondhand car and delivering it and car to buyer, thus enabling buyer to show clear title, is estopped to assert against subsequent bona fide buyer any failure of bill of sale to convey title because of plaintiff not having signed tax receipt, which, with license plates, he delivered with the car and bill of sale.

Appeal from Jones County Court; Owen Thomas, Judge.

Action by J. E. Gossett against H. P. Williams. Judgment for defendant, and plaintiff appeals. Affirmed.

Brooks & Smith, of Anson, for appellant.
Claud Chastain, of Hamlin, for appellee.

LITTLER, J. This suit was brought by the appellant, J. E. Gossett, in the county court of Jones county, to recover the possession or value thereof of a Ford roadster, which car was in the possession of appellee, H. P. Williams.

The car in question came into possession of the appellee in the following manner: On the 5th day of January, appellant traded said car to one C. L. Bruce, giving to said Bruce bill of sale to said car, sworn to as the law directs, and also delivered to said Bruce the tax or license receipt for the year 1925, but not signed by appellant, receiving for said car a Ford coupé from said Bruce, said Bruce giving his bill of sale to said car, but did not deliver to appellant bill of sale to Bruce or receipt showing tax or license had been paid for the current year.

On the same day appellant and Bruce traded cars, Bruce sold a Ford roadster to appellee, Williams, delivering to said Williams the tax or license receipt received from appellant, also bill of sale received from appellant and bill of sale sworn to by said Bruce, said Williams paying in cash $187 for Ford roadster.

Within four or five days the sheriff of Stephens county advised appellant that the car received from Bruce was a stolen car, and took said car away from appellant. The cause was tried before the court without a jury, and the court rendered judgment in favor of defendant, to which action the plaintiff then and there in open court excepted and gave notice of appeal, and the cause is now before this court for review.

The facts are undisputed that the Ford roadster was owned by appellant, and that the car traded to him by Bruce was a stolen car; that at the time the trade was made Bruce told appellant that he had a bill of sale and tax receipt for the coupé, and would forward same to him upon his return to Breckenridge, which was never done. Appellant testified that he had paid the taxes on the roadster, and had secured the license plates, which he turned over to Bruce, but that he did not sign the license receipt, as he did not think it necessary. Evidence also shows that, at the time Bruce sold the car to Williams, appellee, appellee investigated the records, and learned therefrom that the roadster had been purchased by appellant and that he had paid the license on the same.

Appellant prosecutes his appeal on the sole question that title did not pass from him to Bruce on account of the receipt not being signed by appellant, and therefore Bruce could not convey a better title than he had to appellee, and that the title to said car had never passed from appellant, and that he, therefore, was entitled to possession of same, and the court erred in rendering judgment for appellee.

It appears from the record that appellant delivered to Bruce the physical possession of the car, tax receipt, number plates, and a genuine bill of sale in conformity with the law governing the sale of automobiles, and we are not prepared to say that the failure of appellant to sign or to place his name upon the tax receipt would invalidate the sale of the car to Bruce; hence we are bound to conclude that appellant parted with all title to said car at the time he delivered same to Bruce.

We do not deem it necessary for the consideration of this case to pass upon articles 1617¾ and 1617¾K making it a penalty to sell or trade secondhand automobiles without giving bill of sale, license receipt, etc., for the reason that neither appellant nor Bruce at the time the original trade was made complied with these statutes, hence cannot be heard to complain. It is well established that when one of two innocent parties must suffer for the fraud of a third party, the one who trusted most must suffer most.

From the facts in this case, appellant placed confidence in an entire stranger, who afterwards proved to be a car thief, and trusted him to forward to appellant bill of sale and license receipt, which was never done.

It is shown that, although Bruce produced license receipt, bill of sale from appellant, and executed his own bill of sale, appellee made an investigation of the records of the county, and said records disclosed the facts that appellant was the owner of the car, and therefore had the right to give said bill of sale to Bruce; hence it must follow that appellant did not use due diligence to protect himself from fraud, and that the trial court did not err in rendering judgment against him.

Appellant relying entirely on the illegal sale on account of he himself not signing the tax receipt, he cannot now recover on account of his own acts.

All the authorities we have been able to find hold that when a party divests himself of title or possession under an illegal transaction the courts will not aid him to recover such possession. Authorities: Stone v. Robinson (Tex. Com. App.) 234 S. W. 1094; Overland Sales Co. v. Pierce (Tex. Civ. App.) 225 S. W. 284; Foster v. Beall (Tex. Civ. App.) 242 S. W. 1117; Chaddick v. Sanders (Tex. Civ. App.) 250 S. W. 722; Balaguer v. Macey (Tex. Civ. App.) 238 S. W. 322; Tri-State Motor Co. v. King (Tex. Civ. App.) 277 S. W. 433.

Appellant, by executing his bill of sale to C. L. Bruce and by delivering possession of same to said Bruce, enabled the said Bruce to show clear title to said car, and after appellee purchased same from Bruce, for value and without notice of any defect in the title, appellant is now estopped from asserting that his bill of sale did not convey title to the car. 21 C. J. p. 1060, lays down the general rule:

"If a person, by his conduct, induces another to believe in the existence of a particular state of facts, and other acts thereon to his prejudice, the former is estopped as against the latter, to deny that the state of facts, does in truth exist."

It follows from what has been said the lower court did not err in rendering judgment in favor of appellee.

Judgment is affirmed.