## AMERICAN LLOYDS OF DALLAS v. GENGO.　(No. 1362.)*

(Court of Civil Appeals of Texas. Beaumont.
March 12, 1926. Rehearing Denied
March 24, 1926.)

Automobiles ⬤19—Insurance ⬤115(6)—Sale in Texas of car registered in another state and delivery to purchaser of license fee receipt and bill of sale and immediate registering of car by purchaser held to convey insurable interest to purchaser (Complete Tex. St. 1920 [Pen. Code] arts. 1358e, 1358f, 1358g, or Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾d–1617¾f).

Where owner of secondhand automobile, registered in another state, brought it into Texas and sold it, delivering to purchaser the license fee receipt issued in state where it was properly registered, together with bill of sale, and purchaser immediately registered automobile, *held* that there was a substantial, if not literal, compliance with Complete Tex. St. 1920 (Pen. Code), arts. 1358e, 1358f, 1358g, or Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾d–1617¾f, and insurable interest was thereby conveyed to purchaser.

Appeal from District Court, Orange County; V. H. Stark, Judge.

Action by Frank Gengo against the American Lloyds of Dallas. Judgment for plaintiff, and defendant appeals. Affirmed.

Collins & Houston, of Dallas, for appellant.

Dies, Stephenson & Dies, of Orange, for appellee.

O'QUINN, J. Appellee sued appellant to recover on an insurance policy by appellant, insuring appellee as the owner of an automobile against loss by fire in the sum of $2,000. Appellant answered by general demurrer, general denial, and specially that appellee was not the owner of the automobile at the time the policy was issued, or at the time of the fires, and, therefore, the policy was void ab initio, and appellee was not entitled to recover, save as to the amount of the premium paid by appellee for the policy, in the sum of $100.30, which it alleged it was willing and ready to pay to appellee.

The case was tried to a jury upon special issues, and upon their answers judgment was rendered for appellee in the sum of $1,750. Motion for a new trial was overruled, and the case is before us on appeal.

Appellant's brief presents three propositions based upon four assignments of error, but on submission in oral argument counsel for appellant stated that it abandoned all of them except the third, which presents the sole question of ownership; appellant contending that at the time the policy was issued the appellee was not the owner of the automobile, and that, as the policy was issued to appellee as the owner, and he, as appellant insists, not in fact being the owner, the policy was void, and appellant not liable.

The facts are that Gengo, appellee, who lived in Orange, Tex., purchased the automobile in question from one Marsalise, who lived at De Ridder, La. The automobile was secondhand at the time Marsalise bought it. Appellee and Marsalise, who were acquaintances and friends, agreed as to the purchase of the automobile, and Marsalise brought the car from De Ridder, La., to Orange, Tex., and delivered it to appellee, and at the same time delivered to him the Louisiana license fee receipt for registration in Louisiana, and also delivered to appellee a bill of sale to the car. The car was not registered in Texas at the time of the sale and delivery, but immediately after its purchase and delivery at Orange appellee had it duly registered. Afterwards appellee insured the car with appellant, and later it was burned.

Appellant contends that it is not liable, for the reason that, the automobile being secondhand at the time it was sold in Texas, in order for title to have passed by said sale it must have been registered in Texas prior to said sale, and the receipt for the license fee for the registration in Texas to have been delivered to the purchaser at the time of the delivery of the car together with the bill of sale to the car. Appellant bases its contention upon, and invokes that line of decisions declared in, Hennessy v. Automobile Owners' Insurance Association (Tex. Civ. App.) 273 S. W. 1024; Goode v. Martinez (Tex. Civ. App.) 237 S. W. 576; Ferris v. Langston (Tex. Civ. App.) 253 S. W. 309, and others, interpreting articles 1358e, 1358f, 1358g, Penal Code, Texas Complete Statutes 1920, or Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾d–1617¾f, which holds that the sale of a secondhand automobile not made in compliance with the provisions of the above-mentioned articles of the Penal Code is void, and conveys no insurable interest. We do not believe that the cases cited are applicable to the facts in the instant case. In those cases no license fee receipt or bill of sale was delivered to the purchaser by the seller at the time of the delivery of the car, while in the instant case both were delivered. But appellant says that, in order for the sale to have been in compliance with said laws, the car sold must have been registered in Texas prior to the sale and the Texas license fee receipt and a bill of sale to have been delivered to the purchaser. We do not think the statutes are subject to such interpretation. They contain no such provision, and to so hold would be to read into the law a requirement not made by the Legislature. The Legislature did not see fit to require that a secondhand car brought into the state from another state must be registered in this state

before it could be lawfully sold. If a car is registered in another state, and the owner brings it into Texas, and sells it here, and at the time of the sale delivers to the purchaser the license fee receipt issued in the state where it was properly registered, together with a bill of sale, and the purchaser immediately registers the car, we think that is a substantial, if not a literal, compliance with the law. Appellant's contention should be overruled and the judgment affirmed, and it is so ordered.

Affirmed.