Hill vs. Merriman and another.

Hill, Respondent, vs. Merriman and another, Appellants.

*October 10 — November 8, 1888.*

*Chattel mortgages: Conversion by mortgagee: Evidence.*

1. In an action for the conversion of property taken by the defendant under chattel mortgages which empowered him to take possession whenever he should deem himself insecure, the mortgages are admissible in evidence without producing or accounting for the absence of the notes secured thereby. It is immaterial whether such notes are due or not.

2. A chattel mortgage vests in the mortgagee the legal title and, unless otherwise expressly stipulated, the right to the possession of the property; and the mortgagor cannot, without proof of payment or other extinguishment of the mortgage, maintain an action against the mortgagee for a conversion of the property.

APPEAL from the Circuit Court for *Waushara* County.

The following statement of the case was prepared by Mr. Justice Cassoday:

This action was brought to recover damages for 700 bushels of oats alleged to have been wrongfully taken from the possession of the plaintiff, December 1, 1884, by the defendants, and converted to their own use. The taking and conversion of 608 bushels of the oats is admitted and justified under three several chattel mortgages, each purporting to have been executed by the plaintiff to the defendant *Merriman* in consideration of the sum therein named to the

plaintiff in hand paid, whereby the plaintiff granted, bar-gained, sold, assigned, transferred, and made over, to the said *Merriman*, oats described in the first and second mort-gages as then growing upon forty-seven acres of the farm occupied by the plaintiff and in his possession, and in the third mortgage as seven stacks of oats then standing on his farm and in his possession; and each mortgage conditioned upon being void upon the plaintiff paying the sum therein named according to the condition of the note therein de-scribed; and each empowering *Merriman*, in case of the nonpayment of the sum therein mentioned, or in case he at any time deemed himself insecure, to take possession of said oats and sell the same at public or private sale on five days' notice, and apply the avails thereof in payment of such sum, returning any residue to the plaintiff after pay-ing all reasonable costs and charges. The first mortgage was for $100, and without date, but filed May 26, 1884. The second was for $55, given July 26, 1884, and filed Oc-tober 18, 1884. The third was for $36.08, and given and filed October 20, 1884. It is conceded that the oats in question were raised by the plaintiff during the season of 1884 on the farm occupied by him, and that the same were by him threshed and stored on said farm, and that when the first mortgage was given thirty-eight acres of the oats had not been sown, or at least not up so as to have that mortgage attach to the crop. At the close of the trial the jury returned a verdict in favor of the plaintiff for $187.42, and from the judgment entered thereon the defendants ap-peal.

The cause was submitted for the appellants on the brief of *James O. Raymond*, and for the respondent on that of *R. L. D. Potter*.

For the appellants it was argued, among other things, that the mortgagee is not endeavoring in this action to foreclose the mortgages or collect the debt. He is simply

defending his title to the property, evidenced by written conveyances thereof. The mortgages under seal are presumed to have been for an adequate consideration, and together with the proof of their ownership by the mortgagee when he took the property, are sufficient evidence of his title. Certainly the promissory notes are no evidence of the title, and their non-production at the trial could raise no presumption of payment or transfer at the time the cause of action herein is alleged is to have accrued.

For the respondent it was contended that the mortgages were properly excluded. The theory of the defense was that the plaintiff was indebted to the defendant *Merriman* and failed to pay, and *Merriman* took the property by virtue of the mortgages and sold the same to make his debt. To entitle the mortgagee so to take the property there must have been an existing indebtedness. The best evidence of such indebtedness was the notes referred to in the mortgages. Parol evidence thereof was inadmissible. *Benaway v. Bond,* 2 Pin. 449; *Campbell v. Moore,* 3 Wis. 767. The notes were the principal thing, the mortgages merely the incident, and before the latter could be received in evidence the notes must be produced or their absence accounted for. *Langdon v. Buel,* 9 Wend. 80.

CASSODAY, J. It is conceded that thirty-eight acres of the oats had not been sown, or at least were not in existence, when the mortgage filed in May, 1884, was given; and hence that that mortgage was to that extent inoperative. As to whether the balance of the oats were in existence at that time, the evidence was in conflict, and the jury determined the question in favor of the plaintiff. All the mortgages were offered in evidence on the part of the defendants and received by the court. The defendants also gave evidence to the effect that nothing had been paid on any of the mortgages; that *Merrimam* was still

the owner; and that he took the oats under the mortgages. Subsequently the plaintiff moved to strike out both of the mortgages filed in October, 1884, and *Merriman's* testimony respecting the indebtedness they were given to secure, on the ground that the notes described in them, respectively, were not offered in evidence, nor their absence accounted for. This motion was granted, and the defendants excepted. This ruling constitutes the principal error assigned..

The failure to offer the notes in evidence left the defendants without any affirmative direct evidence as to whether they were due at the time the possession was taken under the mortgages. It does appear from the undisputed evidence, however, that prior to that time the plaintiff had sold a part of the mortgaged property and had indicated a purpose of selling more. This would seem to justify *Merriman* in deeming himself insecure and taking such possession under the clause of the mortgage mentioned, even if reasonable ground therefor were required. But that clause in the mortgage gave him the absolute discretion as to the time and circumstances under which he might exercise such right, and did not depend upon his having reasonable ground therefor. *Huebner v. Koebke,* 42 Wis. 319; *Cline v. Libby,* 46 Wis. 123; *Evans v. Graham,* 50 Wis. 453. "It is the settled law of this state that the mortgagee of chattels has the legal title to the property before the debt is due; and that he may take immediate possession thereof, unless by express stipulation the mortgagor is permitted to retain possession." *Appleton Iron Co. v. British Am. Assur. Co.* 46 Wis. 23; *Manson v. Phœnix Ins. Co.* 64 Wis. 28. Neither of these mortgages contains such stipulation. The same rule prevails in other states. Jones, Chat. Mortg. (3d ed.), § 426. The mortgagee being thus *prima facie* entitled to the possession of the oats as against the mortgagor, the latter cannot, without proof of payment or other extinguish-

ment of the mortgage, maintain an action of tort in the nature of trover for a conversion of the property. *Ibid.* This is on the theory that such mortgage vests the legal title and right to the possession of the property in the mortgagee, leaving the mortgagor with a mere equitable title; that is to say, a mere right in equity to redeem from the mortgage. It follows that such mortgagor must show something more than such mere right in equity to redeem, before he can maintain an action at law for the wrongful conversion against such mortgagee having such legal title and right to the possession. *Ibid.; Leach v. Kimball,* 34 N. H. 568; *Holmes v. Bell,* 3 Cush. 322. This court has also sanctioned that principle in holding that " a mortgagee of chattels, who is authorized by the instrument to take possession if at any time he deems himself insecure, may demand the property at any time, and upon refusal of the mortgagor to deliver it may maintain replevin therefor." *Gage v. Wayland,* 67 Wis. 566. Here there is no pretense that the plaintiff ever redeemed from any of the mortgages.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.