HARGADINE-McKITTRICK DRY GOODS CO. v. FIRST NATIONAL BANK OF JACKSBORO.

Delivered October 17, 1896.

**1. Trial of Right of Property—Claimant's Affidavit as Pleading.**

In the statutory action for the trial of the right of property, the claimant's affidavit is not to be considered as a pleading, and the source or character of title set up therein is not binding upon the affiant or claimant.

**2. Chattel Mortgage—Removal from County—Mortgagee's Right of Possession.**

Where the mortgagor of chattels removes the same from the county without the mortgagee's consent, such removal gives to the latter, under Revised Statutes, 1895, article 3333, a fixed and immediate right to possession of the property.

APPEAL from Clay. Tried below before Hon. GEO. E. MILLER.

This was a suit for the trial of the right of property. Appellant filed suit against the firm of Steed Bros., and had attachment issue to Collingsworth County, Texas, which writ was, on May 16, 1893, levied on a bunch of cattle, which are in controversy in this suit, as the property of Steed Bros. Appellee, on June 19, 1893, presented its affidavit and claim bond for the trial of the right of property to the sheriff making the levy, who delivered the cattle so claimed to appellee. On the trial of the cause, and under direction of the court, issues were tendered as follows:

Appellant by plea set out the issuance and levy of its writ of attachment, and that in its original suit against Steed Bros. it obtained a judgment of debt against said firm, together with a foreclosure of its attachment lien on the property in controversy, subject to the issues to be determined in the suit for trial of right of property; that said cattle were the property of said Steed Bros., were in their possession when the attachment was levied, and subject to such writ, and prayed for judgment, damages and costs.

Appellee, in its tender of issues filed, based its claim to the property under a chattel mortgage or deed of trust which it had properly filed before plaintiff's attachment was levied, and alleged, that, under the power of sale contained therein, the trustee, in accordance with its terms, sold the cattle on June 6, 1893, at which said sale defendant bank became the purchaser and owner of said cattle; that while the cattle in controversy were, at the date of plaintiff's levy, in the possession of Steed Bros., still defendant bank had the right of possession by reason of the breach of one of the terms contained in its mortgage, to the effect that if the cattle were removed from the county where they were situate at the date of the execution of the mortgage, the president of defendant bank was to be notified of such removal; that said right of possession merged and ripened into an absolute title by its purchase at trustee's sale made June 6, 1893; wherefore it asked for judgment establishing its claim and for costs. To the foregoing plea plaintiff filed exceptions, the substance of which was that defendant bank had shown no present, fixed right of possession existing at the date of plaintiff's levy, and at said date was a mere lienholder out of possession; that it had no such title to the property in controversy as would defeat plaintiff's attachment lien, as its pretended purchase at foreclosure sale occurred subsequent to the levy of plaintiff's writ, and at a time when said property was in actual possession of an officer of the law. Plaintiff also pleaded estoppel as to defendant's claim under its mortgage, because in its affidavit it had asserted title and absolute ownership.

*Graham & Altman* and *Allen & Allen,* for appellant.—1. One not in the actual possession of the property, nor entitled to the same at the date of the levy, cannot resort to the statutory method of the trial of the right of property for the purpose of having determined the priority of liens; and the claimant, having no title to the property nor present, fixed right to the actual possession thereof, but only a lien thereon as a mere security for his debt, is not entitled to claim and recover the property itself, nor prevent its seizure by other creditors upon legal process which under the law would be subordinate to his prior lien or security. Garrity v. Thompson, 64 Texas, 597; Erwin v. Blanks, 60 Texas, 583; Willis v. Thompson, 85 Texas, 301; Raysor v. Reid, 55 Texas, 266; Wilbur v. Kray, 73 Texas, 533; Wooten v. Wheeler, 22 Texas, 338; Belt v. Raguet, 27 Texas, 472.

2.   A claimant in the trial of the right of property under the statute, where the property is held under writ of attachment, must sustain his claim by proof of only such right of possession or title as he may have had at the date of the levy of the attachment.   Erwin v. Blanks, 60 Texas, 583; Willis v. Thompson, 85 Texas 301.

3.   A claimant in trial of the right of property under the statute is not required to state in his affidavit his source of title or right of possession, but if in his affidavit he elects to claim as owner and asserts an absolute title to the property, he is bound to prove ownership and will be estopped, after having gotten possession of the property under the claim of ownership, from attempting to hold it under a mere lien. Garrity & Huey v. Thompson, 64 Texas, 597; Adoue v. Seeligson, 54 Texas, 593.

*T. D. Sporer* and *J. A. Jones*, for appellee.—1.   Appellee, having the present, fixed and immediate right of possession to said cattle, was entitled to pursue the statutory remedy to try the rights of property thereto, by making the affidavit and filing bond as the statutes provide. Sayles' Civ. Stats., art. 3190b, sec. 6, Western Inv. Co. v. Shelton, 29 S. W. Rep., 494; Jones on Chattel Mort., sec. 601.

2.   The office of the affidavit in trial of right of property is not a pleading; but is only intended to satisfy the officer that the claim is made in good faith.   2 Sayles' Civ. Stats., art. 4822; Wetzel v. Simon, 87 Texas, 412.

HUNTER, ASSOCIATE JUSTICE.—In this case we adopt the conclusions of fact found by the District Court, and upon the conclusions of fact so found we are of opinion that the judgment ought to be affirmed, because:

1.   The affidavit made for the trial of the right of property is not to be considered as a pleading, and the source or character of title set up therein is not binding upon the affiant or claimant, but the claim to the property must be tried on the pleadings tendering issues.   Wetzel v. Simon, 87 Texas, 403; Hamburg v. Wood, 66 Texas, 168.

2.   The appellee bank had the fixed and immediate right of possession at the time the levy of the attachment was made.   The pleading and evidence show that the cattle had been moved out of the county without the consent of the bank, and article 3190b, Sayles' Statutes (art. 3333, Rev. Stats., 1895), which in legal contemplation formed part of the mortgage, gave the bank instant right of possession; and this right existed in full force at the time of the levy of the attachment, although appellant may not have known of the existence of the conditions which gave the right of possession under this article of the statute, to-wit, the removal of the cattle from the county without the consent of the bank.

The judgment is therefore affirmed.

Writ of error refused.                                        *Affirmed.*