## GRAPELAND MOTOR CO. v. LIVELY.
### (No. 1246.)

(Court of Civil Appeals of Texas. Beaumont. May 25, 1925. Rehearing Denied June 10, 1925.)

**Sales** ⚖=48½, **New, vol. 13A Key-No. Series —Contract for sale of auto, made in violation of Penal Code, gives neither party any enforceable rights thereunder.**

Where, on sale of used car by plaintiff to defendant, no bill of sale or transfer was filed with tax collector, as required by Complete Texas Statutes 1920, art. 1358g, or Vernon's Ann. Pen. Code Supp. 1922, art. 1617¾f, nor was license fee properly indorsed to defendant purchaser, as required by articles 1358e and 1358f (Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾d, 1617¾e) such contract of sale was void, and passed no title or interest to purchaser, and, being in violation of law, gave no rights to either party enforceable at law.

Appeal from Houston County Court; Leroy L. Moore, Judge.

Action by the Grapeland Motor Company against L. F. Lively. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Earle P. Adams, of Crockett, for appellant.
Moore & Ellis, of Crockett, for appellee.

O'QUINN, J. Appellant sued appellee in the justice court of Houston county to recover judgment on notes given by appellee to appellant, in part payment for a second-hand Ford automobile, and to foreclose a mortgage lien given by appellee to appellant on said car to secure the payment of the purchase money notes. Citation was duly issued and served, and both parties appeared and filed written pleadings.

Appellee, defendant, admitted executing the notes and the mortgage, and that same had not been satisfied, but alleged that appellant had never given him a bill of sale to the automobile, though he had often demanded same; that the notes and the mort-

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Vernon's Sayles' Civ. St. 1914, tit. 90, c. 1.

gage were given in part payment for the car, and that he had paid $133 on same; that he had had an opportunity to sell the car at a profit of $22, but was prevented from doing so by reason of not having a bill of sale to the car; that he had spent the sum of $80 on the car in repairs; that the contract of purchase was illegal and not binding upon him; and that by reason of appellant's breach of the contract in not delivering to him a proper bill of sale he had been damaged in the sum of $183, and by way of cross-action tendered back the car to appellant and prayed for judgment that the notes and mortgage be canceled, and that he have judgment for his damages.

To this answer appellant replied by special exceptions: (1) That same showed the contract of sale to have been void because no bill of sale to the car was delivered at the time the same was made; (2) that same did not show that the tax collector's license fee receipt covering the car was delivered to the purchaser at the time of the sale; and (3) that it did not appear that appellee could have delivered the license fee receipt to his prospective purchaser, when he alleged he would have made the profit by resale of the car. Appellant further replied that appellee executed the notes in part payment for the car; that he had had the use of the car for seven months, which was worth $25 per month; that the car was worth $304.25 when delivered to appellee, and worth only $150 when suit was brought; and in the alternative prayed for damages in the sum of $42, the difference between the value of the use of the car and the $133 paid on same by appellee, in the event recovery on the notes was denied. Further answering, appellant alleged that the transaction between appellant and appellee in the sale of the car was illegal, no bill of sale was given, nor the license fee receipt of the tax collector for the current year was delivered to appellee, and therefore appellee was not entitled to damages for breach of said illegal contract of sale.

The trial in the justice court resulted in a judgment that appellant take nothing by its suit, and that appellee have and recover of appellant the sum of $185 and costs of suit. From this judgment appellant appealed to the county court. Pending trial in the county court, by mutual agreement of the parties, the car was returned to appellant and the notes and mortgage were canceled, and the case was tried on the sole question of damages; the court rendering judgment for appellee in the sum of $25. From that judgment the case is before us on appeal.

The court made and filed his findings of fact and conclusions of law as follows:

"From the evidence adduced in this cause I find the following to be the facts: On September 15, 1923, Grapeland Motor Company, which was owned by W. E. Carlton and operated under a trade-name, sold to L. F. Lively a secondhand Ford car at an agreed price of $304.25. Lively paid $75 in cash and executed notes and a mortgage for the balance of the purchase price. Grapeland Motor Company could not and did not, at the time the sale was made, deliver to Lively a transfer of the title to the car, in writing, as provided by the statute, but agreed to furnish Lively with proper transfers at a time in the future. No definite time was fixed. It was contemplated by the parties that any reasonable time would be satisfactory. Lively did not, at the time of the sale or at any other time, demand and receive the tax collector's receipt for the license fee issued for this car, for the year 1923. Nor did he ever receive it from the plaintiff, but did pay tax and secure license from collector for 1924. Lively, on several occasions afterwards, requested W. E. Carlton to deliver him the transfers, especially when he made payments of $58 on the notes. About two months after the sale, Lively had an opportunity to sell the car for $325, and another opportunity to trade it for $325. He was prevented from doing so because the prospective buyers would not accept the car unless Lively could deliver to them bills of sale or transfers to the car from the several persons who had theretofore owned it. The trades fell through on account of this fact. Lively used the car seven months and spent about $80 for repairs and tires. The latter part of last February Carlton secured written transfers of the title to this car from the parties who had owned it before that time. He exhibited them to Lively, and offered to give them to Lively, and make him a transfer to the car, if Lively would pay off the notes. Lively declined to do so, and suit was filed in the Grapeland justice's court on the notes and mortgage. Neither party had attorneys when the suit was filed, but both had attorneys when the case was first tried at Grapeland. When the suit was filed, a writ of sequestration was issued at the instance of plaintiff, against the car. After the trial in justice's court, the case was appealed, and pending the appeal (in the county court) defendant delivered the car to plaintiff, and plaintiff surrendered the notes and mortgage to defendant. Therefore the only question before this court is that of damages; plaintiff having abandoned his cause of action on the notes and mortgage. I find that L. F. Lively failed to pay the notes and mortgage at maturity, but he did so on account of the failure of plaintiff to deliver him the transfers to the car within a reasonable time after he had agreed to do so.

"From the above facts I conclude that L. F. Lively was justified in failing to pay the notes when they became due; that because plaintiff failed to deliver the bills of sale when he agreed to do so (within a reasonable time) he became liable to defendant for the damages occasioned by the breach of the contract, which I find, after deducting the reasonable use and depreciation of the car, to have been $25. I therefore conclude that Grapeland Motor Company is liable to L. F. Lively in damages in the sum of $25."

The findings of fact are fully supported by the record, and we adopt same. The undisputed evidence shows that, when the Grapeland Motor Company sold the car to

Lively, it was a secondhand car, and that no bill of sale or transfer of and to said car was given and filed with the tax collector, as required by article 1358g, Complete Texas Statutes 1920, Penal Code. Neither was the license fee receipt properly indorsed to Lively. Articles 1358e and 1358f, Complete Statutes 1920, Penal Code. This contract of sale was in violation of the penal laws of the state (articles cited supra), and therefore the sale was void and passed no title or interest whatever to the purchaser. The contract being in violation of law, it gave no rights to either party enforceable by the courts, but they will be left just where they have placed themselves. Ferris v. Langston (Tex. Civ. App.) 253 S. W. 309; Goode v. Martinez (Tex. Civ. App.) 237 S. W. 576; Chadwick v. Sanders (Tex. Civ. App.) 250 S. W. 722; Cullum v. Lub-Tex Motor Co. (Tex. Civ. App.) 267 S. W. 322; Foster v. Beall (Tex. Civ. App.) 242 S. W. 1117.

The judgment is reversed, and here rendered, that appellee take nothing by this suit, and, it appearing that both parties knowingly entered into an admittedly unlawful contract, the costs of suit will be taxed one-half against each party.