## A. H. KARCHER & CO. v. DAVIS et al.* (No. 6932.)

(Court of Civil Appeals of Texas. Austin. Nov. 4, 1925. Rehearing Denied Jan. 6, 1926.)

1. **Chattel mortgages** ☞89—**Registration of chattel mortgage held constructive notice of lien to purchasers in another county.**

Registration of chattel mortgage on cotton in county where it was grown, and where mortgagor resided under Vernon's Ann. Civ. St. 1914, art. 5654, 5655, 5661, 6841, was constructive notice of mortgagee's lien to purchasers in another county.

2. **Chattel mortgages** ☞89—**Chattel mortgagees, failing to register mortgage in county to which property was removed without their consent, held not guilty of laches.**

Four months' time given chattel mortgagee by Vernon's Ann. Civ. St. 1914, art. 6841, to file mortgage in county to which property has been removed with his consent, does not apply, where mortgagee neither consents to nor acquiesces in removal, and in such case mortgagees were not guilty of laches in not registering mortgage in such county.

3. **Chattel mortgages** ☞225(2)—**Purchasers of mortgaged cotton held liable for conversion.**

Purchasers of mortgaged cotton without knowledge of chattel mortgage registered in another county became liable in conversion when they took possession, and could only relieve themselves from liability by regaining possession and tendering cotton to mortgagees.

Appeal from Lee County Court; W. O. Bowers, Jr., Judge.

Action by A. H. Karcher & Co. against Randolph Davis and others. Judgment for defendants Fricke and Wolff, and plaintiff appeals. Reversed and rendered.

E. T. Simmang, of Giddings, for appellant.
Bowers & Bowers, of Caldwell, for appellees.

BLAIR, J. This suit was instituted by appellants, a retail mercantile concern, doing business at Dime Box, Lee county, Tex., against Randolph Davis, a resident of Lee county, to recover a balance due on a note for $296, and to foreclose a chattel mortgage lien on all crops raised by Davis on the Parker Sheppard farm in Lee county for the year 1923, in which county the mortgage was duly filed and registered.

Arthur Fricke and Paul Wolff, residents of Carmine, Fayette county, Tex., were sued for the conversion of a bale of cotton each, which they purchased from Davis at Carmine, and which were covered by appellants' mortgage.

[1] At the conclusion of the testimony the trial judge instructed a verdict for appellees Fricke and Wolff upon the theory that the

duly registered mortgage in Lee county, where the cotton was grown, and where all parties to the mortgage resided, was not constructive notice of the existence of the mortgage to said Fricke and Wolff, residents of Fayette county, where they purchased the cotton from the mortgagor, and for the further reason that they were purchasers of the cotton for value, in good faith, and without actual or constructive notice of the mortgage.

That the instructed verdict was error does not admit of argument, in our opinion. Neither Fricke nor Wolff made any inquiry as to whether the cotton was mortgaged further than to ask Davis, who told them that it was incumbered only for the ginning and rent. They each reserved the rent and ginning, and paid Davis the balance. It is undisputed that the cotton was carried out of Lee county a distance of 4 miles to Carmine, in Fayette county, and sold without the knowledge or consent of mortgagees. It was 15 miles from Carmine to Giddings, the county seat of Lee county, where the mortgage was duly registered. A telephone system connected the towns. Neither of these appellees made any inquiry as to whether a mortgage was recorded in either Lee or Fayette counties.

The case must be reversed and here rendered for appellants, because the filing and registration of their mortgage in Lee county, where the mortgagor resided, and where the cotton was grown, was constructive notice to appellees Fricke and Wolff of appellants' interest therein under the provisions of our registration statutes. To hold, as did the trial court, that the filing and registration of a chattel mortgage in the manner required by articles 5654, 5655 and 5661, Vernon's Sayles' Civil Statutes 1914 and 1918, in the county in which the statutes provide it shall be recorded, is not constructive notice of the mortgagee's rights in the mortgaged property to one who purchases it in another county in this state would be to render the provisions of these statutes practically nugatory. The language of these statutes is plain and unambiguous, and provides that the effect of registration of a chattel mortgage or other instrument intended to operate as a mortgage or lien on personal property is to charge all persons with notice of the rights of the mortgagee, his assigns or representatives, in the property. To construe these statutes otherwise would be to construe them contrary to the purpose for which they were enacted. To construe them otherwise would also render useless and meaningless the later article 6841, Vernon's Sayles' Civil Statutes, which amended article 5661, and which provides, in substance, that, if a mortgagee or one claiming title under a mortgage duly recorded shall permit any other person in whose possession the property may be to remove it, or any part of it, out of the county in which the mortgage is recorded, and shall not within four months have the mortgage recorded in the county to which the property shall be removed, the lien shall be void as to innocent purchasers without notice. The following cases support our view: Equitable Loan Society v. Taylor Bros. (Tex. Civ. App.) 189 S. W. 516; Weeks v. Bank (Tex. Civ. App.) 207 S. W. 974; Bailey v. Culver (Tex. Civ. App.) 175 S. W. 1083.

Appellees cite Consolidated Garage Co. v. Chambers, 111 Tex. 293, 231 S. W. 1072, Farmer v. Evans, 111 Tex. 283, 233 S. W. 101, and Taylor v. Tillotson (Tex. Civ. App.) 272 S. W. 323, as sustaining the action of the trial judge in this case. The first two cited are by the Supreme Court, and deal with foreign mortgages and liens, and for that reason are not in point. However, in the first case cited the statutes here involved were discussed, and it is there held that the filing and registering of a mortgage charges all persons with notice of the mortgagee's rights in the property. The history, the purpose, and the effect of these registration statutes are succinctly stated in the first case cited, in the following language:

"Under the common law the mortgagee took and retained possession of the chattel until the mortgagor should pay the debt for which it was given and thereby repossess himself of it. There could be no injury to an innocent purchaser for value, because the party claiming reservation of title or lien upon the property had possession of it. For commercial convenience the rule was extended under our system of registration, and a purchaser of chattels was chargeable with notice of the reservation of title or lien upon the property if same was registered in accordance with the provisions of the law of the forum. In the absence of such registration and in the absence of notice or knowledge of the prior claim, the innocent purchaser was protected.

"By the statutory law of this state a reservation of the title in chattels commonly known as a conditional sale is expressly declared to be a mortgage and subject to all the requirements of law relating to mortgages. Also the policy of this state is expressed by our statutes (articles 5654 and 5655, Vernon's Sayles' Texas Civil Statutes) that a mortgage of chattels, including conditional sales, is void as against third persons innocently purchasing the property for value, unless it is duly registered as provided therein."

If the Taylor v. Tillotson Case holds as a matter of law that the filing of a chattel mortgage in one county is not constructive notice of the lien in another county in this state, we must respectfully refuse to follow it. However, we think that case was determined upon another state of facts not involved in this case.

[2, 3] The four months' time given a mortgagee to file mortgage in county where property has been removed with his consent does not apply in a case where the mortgagee neither consents to nor acquiesces in the removal. Appellees' contention that appellants were guilty of laches in not pursuing the property

in question is therefore without merit in this case, where no consent was obtained to remove the property. Goggan Bros. v. Synnott, 63 Tex. Civ. App. 530, 134 S. W. 1184; Spikes v. Brown (Tex. Civ. App.) 49 S. W. 725. Appellees Fricke and Wolff became liable in conversion when they purchased and took possession of the property, and it would have been their duty to have regained possession of the property and tendered it to appellants to relieve them of liability.

It is admitted both by the pleadings and the evidence of Paul Wolff that the value of the bale of cotton he purchased from Davis on October 8, 1923, after paying the ginning and rent, was $116. Judgment is here rendered for appellants against Paul Wolff for $116, with interest at 6 per cent. from October 8, 1923, until paid.

It is admitted both by the pleadings and evidence of Arthur Fricke that the value of the bale of cotton he purchased from Davis on October 6, 1923, was $92.23, after paying the ginning and rent, and it was shown that $50 of this was paid on the note in suit, leaving a balance of $42.23 due appellants on this bale of cotton. Judgment is here rendered for appellants against Arthur Fricke for $42.23, with interest at 6 per cent. from October 6, 1923, until paid.

The judgment of the trial court is reversed, and judgment is here rendered for appellants in accordance with this opinion.

Reversed and rendered.