### SABINE MOTOR CO. et al. v. W. C. ENGLISH AUTO CO. et al.  (No. 1369.)

(Court of Civil Appeals of Texas. Beaumont. April 9, 1926. Rehearing Denied April 21, 1926.)

**1. Chattel mortgages ☞161—Mortgagee's exercise of right to take possession, on mortgagor's default under terms of mortgage and statute, could not be made ground of action for damages by mortgagor or transferee of property with knowledge of mortgage (Rev. St. 1925, art. 5496).**

The exercise of mortgagee's right to take possession of mortgaged property on mortgagor's default as provided by terms of a chattel mortgage and Rev. St. 1925, art. 5496, and the mortgagee's action in securing such right by procuring a seizure of the property under a writ of sequestration, cannot be made the ground of an action for damages by mortgagor or by one to whom he has transferred his rights in the property with knowledge of the mortgage.

**2. Trespass ☞6.**

The gist of action for trespass to personal property is injury to possession.

**3. Trespass ☞26.**

Generally, title to chattels and immediate right to possession is a good defense to action for taking of them by owner.

**4. Chattel mortgages ☞161—Mortgagee entitled to possession under mortgage and statute, upon mortgagor's default, held not liable in conversion to purchaser with knowledge of mortgage for procuring seizure of cars and sale at foreclosure (Rev. St. 1925, art. 5496).**

Mortgagee which under terms of mortgage and under Rev. St. 1925, art. 5496, was entitled to immediate possession of cars on mortgagor's default, was not liable in conversion because after default it exercised legal and contractual right in procuring cars to be seized by sheriff under writ of sequestration and sold at foreclosure proceedings as against purchaser with knowledge of mortgage, even though writ was not directed to such purchaser.

**5. Chattel mortgages ☞176(4) — Mortgagor, or those holding under him with notice, cannot maintain an action for conversion against mortgagee entitled to possession without proof of payment or other extinguishment of mortgage.**

Mortgagor, or those holding under him with notice, cannot maintain an action for conversion against mortgagee entitled to possession under mortgage and statute, without proof of payment or other extinguishment of the mortgage, since, as mortgage vests legal title and right to

possession in mortgagee, mortgagor is left mere equity of redemption, which is insufficient to maintain an action at law for conversion.

**6. Chattel mortgages ☞225(1).**

Party purchasing cars from mortgagors, with knowledge of mortgages and terms, has no higher or better rights than mortgagors had.

**7. Chattel mortgages ☞225(1) — Mortgagee, upon mortgagor's default and sale and removal of cars out of county without mortgagee's consent, was entitled to immediate possession as against purchaser with knowledge (Rev. St. 1925, art. 5496).**

Mortgagee, upon mortgagor's default and upon sale and removal of cars out of county without mortgagee's consent, held entitled to immediate possession of cars as against purchaser with knowledge of mortgage, in view of terms of mortgage and Rev. St. 1925, art. 5496, and mortgagee could not be held liable in trespass for conversion in procuring seizure of cars under writ of sequestration and sale under foreclosure proceedings, even though writ was not directed toward such purchaser.

**8. Chattel mortgages ☞225(2) — Purchaser procuring possession of cars with full knowledge of mortgages, and removing same without consent of mortgagee, held guilty of conversion and liable to mortgagee.**

Purchaser procuring possession of cars from mortgagor with full knowledge of mortgages and terms, and removing same into another county without consent of mortgagee, held guilty of conversion and liable to mortgagee for value of cars.

**9. Chattel mortgages ☞225(1) — Purchaser purchasing cars with knowledge of mortgage and terms held to know of foreclosure suits, and required to do equity by paying mortgage debt in order to portect her equity of redemption.**

Purchaser purchasing cars with knowledge of mortgage and terms held to know of foreclosure suits, and required to do equity by paying mortgage debt in order to protect her equity of redemption.

**10. Automobiles ☞19—Purchaser had no legal possession, where purchase was not in compliance with statutes regulating sale and transfer of secondhand automobiles (Pen. Code 1925, arts. 1434, 1435).**

Purchaser held to have no such legal possession supporting action in trespass for conversion of cars, where cars were secondhand and purchase was not made in compliance with Pen. Code 1925, arts. 1434, 1435, regulating the sale and transfer of secondhand automobiles.

**11. Contracts ☞138(1).**

Courts will not lend their aid to the enforcement of contracts made in violation of law.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Action by Maude Lee Janes, doing business, under the name of the Sabine Motor Company, joined by her husband, against W. C. English, doing business under the name of

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the W. C. English Auto Company, and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Nall, King & Jackson, of Beaumont, for appellants.

Orgain & Carroll, of Beaumont, for appellees.

O'QUINN, J. Appellant Maude Lee Janes, doing business under the name of Sabine Motor Company, joined by her husband, brought this suit in the district court of Jefferson county, Tex., against the appellees W. C. English, doing business under the name of W. C. English Auto Company, R. M. Hill and F. H. Farwell, residents of Orange county, Tex., and T. H. Garner, sheriff of Jefferson county, Tex., and the American Surety Company of New York, for the value of two Studebaker automobiles alleged to have been converted by the defendants, alleging the value of the automobiles to be $1,000 each. Plaintiff also prayed for $3,000 exemplary damages.

Appellant alleged that on the 19th day of July, 1924, she was the owner and in lawful possession of said two Studebaker automobiles, claiming title thereto, and that on said date T. H. Garner, as sheriff of Jefferson county, Tex., seized said automobiles and took them from her possession, without her consent, said sheriff acting under and by virtue of writs of sequestration issued out of two suits pending in Orange county, Tex., to which suits she was not a party; that prior to the seizure of said automobiles by T. H. Garner, sheriff, the defendants W. C. English, as principal, and R. M. Hill and W. H. Farwell, as sureties, executed to said sheriff two separate indemnity bonds in the sum of $1,050 each, conditioned upon holding said sheriff harmless in taking possession of said automobiles, thereby causing and directing said sheriff to seize said automobiles under said writs. She further alleged that the automobiles were never returned to her, but that they were sold under orders of sale issued out of said Orange county suits, and that the defendant American Surety Company of New York was surety on defendant T. H. Garner's bond as sheriff at the time of the seizure of said automobiles.

The defendant W. C. English answered by general demurrer, general denial, and specially denying:

(1) That plaintiff had any title to the automobiles at the time they were seized by the sheriff, and alleged that if said cars were in the possession of plaintiff at the time they were taken possession of by the sheriff, plaintiff did not rightfully have possession of same, but that such possession was acquired and continued illegally, without any legal right upon plaintiff's part to have the possession thereof.

(2) That at the time said cars were seized by the sheriff, they were the property of George K. McGill and J. B. Sanders, one each; that said cars were at said time secondhand cars, having long theretofore been purchased from the W. C. English Auto Company by the said George K. McGill and J. B. Sanders, and said purchasers having given to said W. C. English Auto Company a mortgage on said cars to secure certain notes owing to said English Auto Company.

(3) That said English Auto Company filed suit in the county court of Orange county, Tex., against said McGill and Sanders, seeking judgment on its debt and foreclosure of its mortgage lien on said cars, and at the time of the filing of said suits caused writs of sequestration to be legally issued out of said Orange county court, which were duly executed and the cars taken into the possession of said sheriff, Garner, as the property of McGill and Sanders, respectively.

(4) That thereafter, on the 24th day of October, 1924, judgment was entered in favor of said English Auto Company against the said McGill and Sanders in said suits foreclosing the said mortgage liens, and orders of sale were issued out of said court, by virtue of which said cars were legally and duly sold.

The defendants Garner, Hill, Farwell, and the American Surety Company of New York filed answers in substance the same as that of W. C. English Auto Company.

Plaintiff, by supplemental petition, answered the pleadings of the defendants by general demurrer, special exceptions, and general denial.

The case was tried before the court without a jury. All exceptions, general and special, were overruled, and judgment rendered that plaintiff take nothing as against the defendants, or either of them. Notice of appeal was duly given, and the case is before us for review.

At the request of the plaintiff, the court made and filed his findings of fact and conclusions of law, to wit:

"I find: That on the 8th day of January, 1923, J. B. Sanders was the owner of a Studebaker Special Six automobile, motor No. 38203, serial No. 3038743. That on said date the said J. B. Sanders executed and delivered to the W. C. English Auto Company a chattel mortgage on said above-described automobile to secure the payment of 12 notes, each for the sum of $65, and one note for the sum of $423; said notes maturing monthly from date and bearing interest at 8 per cent. per annum from date. That said mortgage was on the same date duly filed with the county clerk of Orange county, the place of residence of the parties to said mortgage. That on the 16th day of July, 1924, the W. C. English Auto Company filed in the county court of Orange county, Tex., its certain suit, seeking to recover on certain of the notes described in said mortgage, and for certain other indebtedness alleged to be covered by said mortgage. Judgment was rendered in favor of the plaintiff W. C. English Auto Company against J. B. Sanders on the 24th day of October, 1924,

as prayed for in plaintiff's petition, and the mortgage above referred to foreclosed upon, and the sale of the property therein described ordered. That said cause was numbered 883 on the docket of the county court of Orange county. That there was issued out of said court in said cause a writ of sequestration, said writ being issued of date the 16th day of July, 1924, the plaintiff therein having in due course filed affidavit and bond therefor. That said writ was executed on the 18th day of July, 1924, by T. H. Garner, sheriff of Jefferson county, taking possession of the Studebaker automobile above described; said car having been taken possession of as the property of J. B. Sanders. That prior to the execution of said writ of sequestration the W. C. English Auto Company executed to T. H. Garner an indemnity bond in the sum of $1,050, having as sureties thereon R. M. Hill and F. H. Farwell, who are defendants in this suit. That on the date of said seizure of said car under said writ, the American Surety Company of New York, a foreign corporation, having a permit to do business in this state, was the surety on the official bond of T. H. Garner, of Jefferson county, Tex., and at said time said bond was in full force and effect. That at the time of the seizure of said car it had a market value of $550. That at the time of the filing of said suit and the seizure of said car, and the sale under said seizure, there were no bills of sale or license transfers recorded either with the county clerk of Orange county, or with the state highway commission, showing a transfer of said car in the manner provided by law from J. B. Sanders to any other persons. There was an order of sale duly issued out of said cause of English Auto Company against J. B. Sanders and sale made in accordance with law; W. C. English being the purchaser thereof at said sale.

"I further find that on the 21st day of March, 1923, J. B. Sanders executed and delivered to the W. C. English Auto Company another mortgage on the above-described Studebaker automobile, being motor No. 38203, serial No. 3037843, and that on the same day the same was assigned by W. C. English Auto Company to the Automobile Finance Corporation, and said mortgage and assignment filed with the county clerk of Orange county on the 21st day of March, 1923.

"I further find that during the year 1924, J. B. Sanders, with the intention of conveying title, delivered said car to the Sabine Motor Company, of which Mrs. Maude Lee Janes was the sole owner, and that the said Mrs. Janes paid J. B. Sanders value thereof.

"I further find that the said J. B. Sanders did not execute and deliver to the Sabine Motor Company, or Mrs. Maude Lee Janes, a bill of sale for said car as required by law, but that the said J. B. Sanders did deliver a paper signed by him, but said instrument did not give the correct number of said car, as required by law, same was not sworn to, and said instrument was never filed with the state highway commission or the county clerk of Orange county, Tex.

"I find: That said car was removed from Orange county by the Sabine Motor Company in violation of the terms of the mortgage of date January 8, 1923, hereinbefore referred to, and further find that at the time of its seizure by the sheriff of Jefferson county, Tex., the possession of same was held for the benefit of the Sabine Motor Company; it claiming to be the owner of the title thereto. That the Sabine Motor Company nor Mrs. Maude Lee Janes were parties to the suit of the W. C. English Auto Company against J. B. Sanders seeking to foreclose the mortgage above referred to, and that neither the Sabine Motor Company nor Mrs. Maude Lee Janes authorized the seizure and sale of said car by the sheriff of Jefferson county.

"I further find that at the time of the removal of said car from Orange county to Jefferson county, the Sabine Motor Company had notice of the mortgage given to the W. C. English Auto Company, which was foreclosed upon in said above-described suit, and I also find that at the time of the delivery of said car to the Sabine Motor Company by Sanders that same was a secondhand car, having theretofore been much used.

"In reference to Studebaker touring car, engine No. 20969, serial No. 301944, I find that on the 2d day of January, 1923, the same was owned by George K. McGill, and that on said date he executed to the W. C. English Auto Company a mortgage on said car to secure the payment of 12 notes of $75 each, and one note for $306.70, all bearing interest at the rate of 8 per cent. per annum, and maturing monthly after date, and said mortgage providing that it would secure the said auto company in the payment of any other indebtedness that might become due or owing to mortgagor by mortgagee; that on the same day said mortgage was filed for record with the county clerk of Orange county, Tex., the place of residence of the parties to said mortgage; that thereafter on the 16th day of July, 1924, the W. C. English Auto Company filed a suit in the county court of Orange county seeking to recover certain indebtedness described in plaintiff's petition, setting up the mortgage above referred to and asking that a foreclosure of same be had, said suit being numbered 884 on the docket of the county court of Orange county, and that on said date the county clerk of Orange county issued a writ of sequestration in said cause, plaintiffs having in due course filed its affidavit and bond therefor, said writ of sequestration running to the sheriff or constable of Jefferson county commanding him to take possession of the above-described automobile, and that on the 18th day of July, 1924, T. H. Garner, sheriff of Jefferson county, under the authority of said writ took possession of said automobile as the property of George K. McGill; that thereafter on the 24th day of October, 1924, judgment was duly entered in said suit, being cause No. 884 on the docket of Orange county court in favor of the plaintiff for the amount sued for, said judgment further ordering the foreclosure of said mortgage and the sale of said property, describing the same, and being the automobile hereinbefore described as being covered by mortgage of date January 2, 1923; that in due course order of sale was issued, and in regular course said car was sold by authorized authority, defendant W. C. English Auto Company becoming the purchaser thereof.

"I further find that on the 30th day of March, 1923, George K. McGill executed another mortgage to the W. C. English Auto Company on Studebaker touring car, engine No. 20968, serial No. 3019844, to secure an indebtedness in the sum of $1,004.40, and said mortgage was there-

after on the 30th day of March, 1923, assigned to the Automobile Finance Company of Galveston, Tex., and said mortgage and assignment on the same date duly recorded with the county clerk of Orange county, Tex., and that there after on the 10th day of June, 1925, said mortgage was duly canceled of record by order of the Automobile Finance Company of Galveston.

"I further find that during the year 1924, George K. McGill, with the intention of conveying title for a valuable consideration, delivered said Studebaker automobile engine No. 20968, serial No. 3019804, to Mrs. Maude Lee Janes, doing business under the name of Sabine Motor Company; that the said George K. McGill did not deliver a bill of sale duly executed as required by law to the said Sabine Motor Company; that he did deliver an instrument describing the car to the said Sabine Motor Company and signed by George K. McGill, but said instrument was not sworn to before a notary public as required by law, and said instrument was not filed for record with the county clerk of Orange county, nor with the highway commission of Texas; that neither George K. McGill nor J. B. Sanders ever executed any bills of sale as required by law to any person from the time of their ownership of said cars as herein found down to and including the time of filing of this suit, and that neither the record to the highway commission nor the office of the county clerk shows the filing of any character of instrument attempting to make transfer of said cars, or either of them, except as herein specifically found.

"I further find that the Sabine Motor Company, immediately after taking possession of said car, transferred the same to Jefferson county, Tex., which transfer was in violation of the terms of the mortgage given by George K. McGill, to the W. C. English Auto Company on the 2d day of January, 1923.

"I further find that the Sabine Motor Company had notice of said mortgage and the terms thereof at the time of the taking possession and removal of said car.

"I further find that when the sheriff of Jefferson county took possession of said car as the property of George K. McGill, it was in the possession of persons holding same for the use and benefit of the Sabine Motor Company, said company claiming to have title thereto, and that neither the Sabine Motor Company nor Mrs. Maude Lee Janes was a party to cause No. 883, styled W. C. English Auto Company v. George K. McGill, and that neither the said Sabine Motor Company nor Mrs. Maude Lee Janes authorized the taking possession of said car by the sheriff of Jefferson county, Tex.

"I further find that before the sheriff took possession of said car under said writ of possession above referred to, the W. C. English Auto Company executed and delivered to the sheriff of Jefferson county, Tex., its bond holding the said sheriff harmless in the taking possession of said car, and that R. M. Hill and F. H. Farwell are sureties upon said bond; said bond being in the principal sum of $1,050.

"I find that said last-named Studebaker car at the time of its seizure had a market value of $550.

"I further find that at the time of the delivery of the aforementioned two described cars to the Sabine Motor Company, neither J. B. Sanders nor George K. McGill transferred the licenses thereto in the manner required by law, the only transfer of same being the giving over of said licenses by said Sanders and McGill to the Sabine Motor Company; that there is no transfer of said licenses filed with the county clerk of Orange county or the highway commission of Texas.

"I further find in favor of the defendants all contested issues and all facts necessary to a judgment in their favor, and will on application of plaintiff make specific findings in relation to any issue desired and not herein specifically covered, except by general reference.

"I conclude as a matter of law that plaintiffs are not entitled to recover herein, and all defendants are entitled to go hence with their costs."

There is a statement of facts, consisting mainly of agreed facts, contained in the record, which we think fully sustains the findings made by the court, and we adopt same as our findings.

The gist of appellant's first, second, and third propositions is that as the cars were in the possession of appellant at the time they were seized under writs of sequestration issued out of the court in Orange county in suits to which she was not a party, the seizure of the cars and their subsequent sale under foreclosure proceedings constituted a willful trespass for which appellees were liable, and for which appellant was entitled to judgment, and therefore the court erred in rendering judgment for appellees.

We have concluded that the contention cannot be sustained, and that the judgment should be affirmed. It is undisputed: (1) That defendant W. C. English Auto Company had a mortgage on each of the cars, and that the mortgages were of record in Orange county at the time that appellant bought the cars; (2) that the mortgages provided that the cars should not be removed from Orange county during the life of the mortgage, without the consent of the W. C. English Auto Company; (3) that at the time McGill and Sanders sold the cars to appellant the said mortgages had long been of record, were unsatisfied, and that appellant had both actual and constructive notice of said mortgages and of their contents; (4) that immediately after getting the cars from McGill and Sanders, appellant, without the knowledge or consent of W. C. English Auto Company, mortgagee, removed said cars from Orange county to Jefferson county, in violation of the terms of the mortgages and of article 5496, Revised Civil Statutes 1925 (Texas Complete St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 5660); (5) that at no time has appellant ever offered to pay or to in any manner discharge the mortgage liens on said cars.

[1] The record shows that the debt secured by the mortgages on the cars was past due. The notes, 12 in number in each case, were given in the early part of January, 1923, and were payable monthly. The suits were filed July 16, 1924, so that the last note was

long past due at the time appellee W. C. English Auto Company took possession of the cars. Not only had default been made in payment of the debt secured by the mortgages, but the cars had been sold by the mortgagors and removed from the county, in violation of the terms of the mortgages and of the statute. Article 5496, Revised Civil Statutes 1925. Under both the terms of the mortgages and said statute, the mortgagee, W. C. English Auto Company, had the right to immediate possession of the cars. It exercised this right under and by virtue of writs of sequestration issued out of the court where the foreclosure suits were pending. The exercise of the mortgagee's right to take possession of the mortgaged property on the mortgagor's default, as provided by the terms of a chattel mortgage and the statute, article 5496, supra, and the mortgagee's act in securing such right by procuring a seizure of the property under a writ of sequestration, cannot be made the ground of an action for damages by the mortgagor or by one to whom he has transferred his rights in the property with knowledge of the mortgage. Wedig v. San Antonio Brewing Association, 60 S. W. 567, 25 Tex. Civ. App. 158; Kelly v. Wimbish (Tex. Civ. App.) 65 S. W. 386; Hargadine-McKittrick Dry-Goods Co. v. Bank, 37 S. W. 622, 14 Tex. Civ. App. 416 (writ refused); Holman v. Ketchum, 45 So. 206, 153 Ala. 360; Hill v. Merriman, 40 N. W. 400, 72 Wis. 483; Jones on Chattel Mortgages (5th Ed.) §§ 426, 434, 435.

[2-4] The gist of an action for trespass to personal property is the injury to possession. 38 Cyc. 1031. As a rule, title to chattels and immediate right to possession is a good defense to an action for a taking of them by the owner. 38 Cyc. 1055. The legal title to the cars was in appellee W. C. English Auto Company. If the W. C. English Auto Company, at the time it filed its suits for foreclosure of the mortgages and procured the issuance of writs of sequestration by virtue of which it took possession of the cars, was entitled to the possession of the cars under the law, then no suit for damages against it for so doing can be maintained. That it was entitled to the possession of the cars we do not think can be seriously questioned. It had so contracted with McGill and Sanders in the mortgages. The statute, article 5496, Revised Civil Statutes 1925, so provided. Then having done no more than it had the right to do under its contract and the law, it is not liable to appellant for exercising its legal and contractual right. Singer Sewing Machine Co. v. Rios, 71 S. W. 275, 96 Tex. 174, 60 L. R. A. 143, 97 Am. St. Rep. 936; Nichols v. Paine, 113 S. W. 972, 52 Tex. Civ. App. 87 (writ refused); Storage Co. v. Motor Company, 222 S. W. 690; Brunson v. Bank (Tex. Civ. App.) 175 S. W. 443; Jones on Chattel Mortgages (5th Ed.) §§ 426, 434, 435.

[5] The mortgagee being entitled to possession of the cars, the mortgagor or those holding under him, with notice, cannot without proof of payment or other extinguishment of the mortgage maintain an action for conversion of the property. Jones on Chattel Mortgages, § 426. This on the theory that the mortgage vests the legal title and right to possession of the property in the mortgagee, leaving a mere equitable title, that is to say, a mere right in equity to redeem from the mortgage in the mortgagor. It follows that such mortgagor must show something more than such mere right in equity to redeem before he can maintain an action at law for wrongful conversion against the mortgagee having such legal title and right to possession. Hill v. Merriman, 40 N. W. 400, 72 Wis. 483.

[6, 7] But appellant insists that she had lawful possession of the two automobiles under purchase from the mortgagors, and she not being a party to the foreclosure suits instituted by W. C. English Auto Company against the mortgagors, the seizure of said automobiles by defendants and taking them from her possession without her consent was a wrongful trespass for which defendants are liable.

Plaintiff, having purchased the cars from the mortgagors with knowledge of the mortgages and their terms, can but stand in the shoes of the mortgagors from whom she purchased. She can have no higher or better or more rights than they had. Upon the default of the mortgagors and upon the sale of the cars by them to appellant and her removal of said cars out of Orange county into Jefferson county without the consent of the mortgagee, W. C. English Auto Company, said mortgagee was then and there entitled to the immediate possession of the cars. Article 5496, Revised Statutes 1925; Kelly v. Wimbish (Tex. Civ. App.) 65 S. W. 386.

We do not think that it would be contended that if McGill and Sanders, the mortgagors, had not sold the cars, but had made default in the payment of the debt for which the mortgages were given to secure and had removed the cars out of Orange county without the consent of the mortgagee, they could have maintained an action for trespass for the taking possession of the cars by mortgagee. If they could not have done so, under the facts, why should plaintiff be permitted to do so? She succeeded to whatever rights they had and no more. If, under the facts, McGill and Sanders had no right to the possession of the cars as against the mortgagee, W. C. English Auto Company, then plaintiff had no such right. If she had no right to possession as against the mortgagee, W. C. English Auto Company, would an action in trespass for damages in her behalf lie? As unquestionably the mortgagee did have the right to immediate possession of the cars as against McGill and Sanders, did it not also have the same right to possession against

appellant, and would not that be a defense to her action? We think so. Singer Sewing Machine Co. v. Rios, 71 S. W. 275, 96 Tex. 177, 60 L. R. A. 143, 97 Am. St. Rep. 936.

But plaintiff insists that she is entitled to maintain her suit because the writs of sequestration by which the cars were taken into possession by the mortgagee were directed against McGill and Sanders, not against her; that is, that the cars were sequestered as the property of McGill and Sanders, the mortgagors, and she being in possession, and not McGill and Sanders, therefore the seizure was wrongful and she is entitled to recover. To this contention we cannot agree. The only right plaintiff had was an equitable one—the right of equity of redemption to which she had succeeded by her purchase from McGill and Sanders. There was nothing of record to show that she had become the owner of any interest in or the possessor of said cars. W. C. English Auto Company, in suing out its sequestration process, names the mortgagors, McGill and Sanders; they being the possessors according to the record. As McGill and Sanders could have resisted the suit only to the extent of asserting their right of equity of redemption and offering to pay, so plaintiff, who had no higher or other rights than did McGill and Sanders and who held under them, if she desired equity—that is, that her equitable right of redemption should be recognized and protected—should have come into court and there offered to do equity by proffering payment of the mortgage debt.

[8, 9] Furthermore, when plaintiff, with full knowledge of the mortgages and their terms, procured possession of the cars in question from the mortgagors of same, and removed the cars from Orange county into Jefferson county, without the consent of the mortgagee, W. C. English Auto Company, she was, herself, guilty of conversion and liable to appellee for the value of the cars. Karcher v. Davis (Tex. Civ. App.) 278 S. W. 302, 304; Hunter v. Abernathy (Tex. Civ. App.) 188 S. W. 269; Nunn v. Padgitt Bros. (Tex. Civ. App.) 161 S. W. 923; Scott v. Commission Co. (Tex. Civ. App.) 240 S. W. 1041. We think it must be held that she knew of the foreclosure suits, and that it devolved upon her to obtain equity by coming into court with clean hands and offering to do equity.

[10] Appellees insist that the judgment should be affirmed for the further reason that the undisputed evidence and the unchallenged findings of the trial court show that the automobiles in question were secondhand automobiles at time they were purchased from the mortgagors, McGill and Sanders, by appellant, and that the purchase of said cars was not made in compliance with the Acts of 1919, pp. 254, 255 (articles 1434 and 1435, Penal Code 1925), regulating the sale and transfer of secondhand automobiles, but was in violation of said penal laws, and therefore appellant did not have such legal possession of said cars as would support her action in trespass. We think this contention should be sustained. Goode v. Martinez (Tex. Civ. App.) 237 S. W. 576; Ferris v. Langston (Tex. Civ. App.) 253 S. W. 309; Foster v. Beall (Tex. Civ. App.) 242 S. W. 1117; Cullum v. Lub-Tex Motor Co. (Tex. Civ. App.) 267 S. W. 322; Grapeland Motor Co. v. Lively (Tex. Civ. App.) 274 S. W. 168; Howell v. Conn. Fire Ins. Co., 257 S. W. 178, 215 Mo. App. 386; Hessen v. Automobile Ins. Co., 190 N. W. 151, 195 Iowa, 141, 30 A. L. R. 657.

[11] Appellant alleged: (1) That she was the lawful owner and in lawful possession of the two cars; (2) that appellees unlawfully took possession of her said property without her consent and converted it; and (3) that the appellees knew said property belonged to her and was in her lawful possession. These were material allegations necessary to the establishment of her cause, and the burden was upon her to prove them. In doing so she must prove and rely upon her purchase of the secondhand cars from the mortgagors and in her possession of same in Jefferson county, where she had removed same in violation of the terms of the mortgages and in violation of the statute. Article 5496, Revised Civil Statutes 1925. In view of the admitted facts, it is without dispute that appellant relies upon a contract of purchase not made in compliance with law, but in violation of the statutes regulating such contracts. Articles 1434, 1435, Penal Code 1925. Upon the broad and wholesome grounds of public policy, the courts will not in any manner lend their aid to the enforcing of contracts made in violation of law—illegal contracts. If, therefore, appellant cannot establish her cause without relying upon such contract, she cannot recover. Read v. Smith, 60 Tex. 379; Beer v. Landman, 31 S. W. 805, 88 Tex. 450; Wiggins v. Bisso, 47 S. W. 637, 92 Tex. 219, 71 Am. St. Rep. 837.

For the reasons indicated, the judgment is affirmed.

### On Motion for Rehearing.

Appellant objects to the statement in our opinion "that no time has appellant ever offered to pay or in any manner discharge the mortgage liens on said cars." It says that "there appears no evidence or finding in the lower court which raises this issue or sustains the statement." It is true that the record contains no positive evidence to that effect; but the record, both as to the pleadings of appellant and the evidence, is entirely silent as to appellant ever having made any such offer of payment, and the court was of the opinion that in the absence of either pleading or proof that such offer was

made, it was justly and legally deducible that it was undisputed that same was not made.

With this explanation, the motion is overruled.